[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 151.]

CUYAHOGA COUNTY BAR ASSOCIATION *v*. CLOWER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Clower*, 1998-Ohio-317.]

*Attorneys at law—Misconduct—Permanent disbarment—Failure to adequately prepare case—Neglecting legal matters—Violation of Disciplinary Rules—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to respond to or cooperate with disciplinary investigation.*

(No. 98-1301—Submitted August 19, 1998—Decided December 2, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-25.

————————————

{¶ 1} On April 14, 1997, relator, Cuyahoga County Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), charging respondent, James K. Clower of Mansfield, Ohio, Attorney Registration No. 0020325, with eleven violations of the Disciplinary Rules and one violation of the Rules for the Government of the Bar. Respondent is not currently registered with the Office of Attorney Registration of the Supreme Court of Ohio. Respondent failed to answer the complaint, and, on motion of relator, a panel of the board entered a default judgment against respondent.

{¶ 2} On or about August 29, 1991, Robert Mears, Sr. retained respondent to represent Mears in a dispute with Mears's former employer over a noncompetition agreement and commissions allegedly due Mears. Respondent, however, failed to discuss the case with Mears until November 14, 1992, despite having received a retainer of $2,500 from Mears. The next day, Mears wrote to

respondent expressing his dissatisfaction that, after fifteen months, respondent had not yet filed a complaint. On February 1, 1993, Mears wrote to respondent demanding a copy of the attorney-engagement letter and a copy of the complaint respondent had filed against Mears's former employer. Respondent sent a copy of the complaint he had purportedly filed to Mears on February 22, 1993; respondent, however, did not file the complaint until June 22, 1994.

{¶ 3} In the meantime, Mears's former employer sued Mears in Pike Township, Indiana. On June 6, 1994, Mears advised respondent in writing that the Indiana court had scheduled a hearing for this lawsuit on June 23, 1994. Nevertheless, respondent failed to appear in court on this date, and Mears's former employer obtained a default judgment. On July 5, 1994, Mears sent a copy of the judgment entry to respondent. Apparently, respondent did not reply to this letter.

{¶ 4} On January 3, 1995, Mears demanded in writing that respondent return Mears's entire file. Since respondent did not answer this letter, Mears sent a second letter on February 20, 1995, and a third letter on March 5, 1995. On May 5, 1995, respondent, finally, forwarded Mears's file to another attorney selected by Mears; however, the file was in complete disarray.

{¶ 5} Relator, in this count, charged respondent with three violations of DR 6-101(A)(3) (neglecting legal matters), one violation of 6-101(A)(2) (failure to adequately prepare case), one violation of 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), one violation of 1-102(A)(1) (violation of the Disciplinary Rules), one violation of 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), and one violation of 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

{¶ 6} Under count two, investigators for relator report that respondent completely failed to cooperate with the investigation. Furthermore, respondent has failed to respond to the disciplinary complaint. Under this count, relator charges

respondent with a violation of Gov.Bar R. V (failure to respond or cooperate with investigation).

{¶ 7} In count three, Beverlee Hileman, in 1993, retained respondent to represent her in a domestic relations matter. Hileman discharged respondent when he did not return her telephone calls. Respondent, however, billed Hileman for services not actually performed, for which act relator charges respondent with misconduct under count four. Hileman complained to relator's Lawyer-Client Relations Committee, but respondent failed to cooperate with efforts to resolve the fee dispute. Under counts three and four, relator charges respondent with one violation of DR 6-101(A)(3), one violation of 6-101(A)(2), and one violation of 1-102(A)(4).

{¶ 8} The panel found that respondent had violated DR 6-101(A)(2) and (3), 1-102(A)(1), (4), (5), and (6), and Gov.Bar R. V(4)(G). The panel recommended that we permanently disbar respondent from the practice of law. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

_____

*John D. Sutula, Thomas E. Kocovsky, Jr.* and *Ellen S. Mandell,* for relator.

_____

***Per Curiam.***

{¶ 9} We have reviewed the record in this matter, and we observe that we publicly reprimanded respondent in *Cleveland Bar Assn. v. Clower* (1989), 41 Ohio St.3d 601, 533 N.E.2d 1058. We also note respondent's complete failure to cooperate with this investigation and to rectify his clients' complaints. Accordingly, we permanently disbar respondent from the practice of law and tax costs to him.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————