LORAIN COUNTY BAR ASSOCIATION *v.* FERNANDEZ.

[Cite as *Lorain Cty. Bar Assn. v. Fernandez* (2000), 89 Ohio St.3d 82.]

(No. 99–2265—Submitted February 9, 2000—Decided May 24, 2000.)

84

*Snoble, Snoble, Tonry & Innes* and *Gerald A. Innes,* for relator.

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. Absent mitigating circumstances, an indefinite suspension from the practice of law is an appropriate sanction when an attorney engages in a pattern of neglect involving multiple clients and refuses to cooperate in the ensuing disciplinary investigations. See *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277, 1279. No mitigating factors are evident that would warrant a lesser sanction for respondent's reprehensible conduct here. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

Douglas, Resnick, F.E. Sweeney, Pfeifer and Lundberg Stratton, JJ., concur.

Moyer, C.J., and Cook, J., dissent.

---

**Cook, J., dissenting.** I agree with the findings and conclusions of the board, but determine that disbarment is the appropriate sanction here. When respondent repeatedly neglected entrusted legal matters, she violated the duties of diligence that she owed to her clients. The ABA Standards for Imposing Lawyer Sanctions[1] provide that "[d]isbarment is generally appropriate when * * * a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or * * * a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client." Standards 4.41(b) and (c).

Five of respondent's clients were seriously prejudiced by respondent's violations. Two of them paid respondent significant sums to file actions, which were never filed. A third found her lawsuit dismissed when respondent failed to attend a scheduled arbitration hearing and failed even to notify the client that the hearing was taking place. A fourth client waited months for respondent to secure an appraiser, which never occurred. And another of respondent's clients, a criminal defendant, relied on respondent's erroneous guarantee of probation and then waited in vain for respondent to file the requested motion for shock probation. In four of these five matters, respondent disregarded relator's letters of inquiry, and respondent has failed to respond to relator's amended complaint.

The majority chooses to adopt the board recommendation to suspend respondent indefinitely. But the panel and board reports cite no mitigating factors, and I find none in this record. Instead, the panel and board reports contain aggravating factors that reflect the board's own recently proposed Guidelines for Imposing Lawyer Sanctions.[2] Respondent's pattern of misconduct, multiple offenses, and failure to cooperate with the disciplinary investigation should all be considered in favor of a *more severe sanction.*

This court has previously disbarred attorneys for violations of DR 6–101(A)(3) when those violations were, as here, coupled with a refusal to return client files and an utter disregard for the disciplinary process. See, *e.g., Cleveland Bar*

---

1. See ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

2. See Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Sections 10(A)(3), (4), and (5), Guidelines for Imposing Lawyer Sanctions.

*Assn. v. Johnson* (1998), 84 Ohio St.3d 146, 702 N.E.2d 409; *Cuyahoga Cty. Bar Assn. v. Clower* (1998), 84 Ohio St.3d 151, 702 N.E.2d 412.

Because I believe that disbarment is the appropriate sanction in this case, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.