[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 82.]

LORAIN COUNTY BAR ASSOCIATION *v.* FERNANDEZ.

[Cite as *Lorain Cty. Bar Assn. v. Fernandez*, 2000-Ohio-112.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in a pattern of neglect involving multiple clients—Refusing to cooperate in disciplinary investigations.*

(No. 99-2265—Submitted February 9, 2000—Decided May 24, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-09.

_____

{¶ 1} In November 1995, Joshua Robles retained respondent, Yolanda Fernandez of Lorain, Ohio, Attorney Registration No. 0062647, to dissolve a partnership for a vending-machine business. As a result of a February 1997 arbitration hearing to attempt to settle the case, the arbitrator advised the parties to have the business appraised, and Robles gave respondent the name of an appraiser to contact. Several months passed before respondent contacted the appraiser; and after the appraiser declined to perform the appraisal, Robles gave respondent the name of a second appraiser. Respondent contacted the second appraiser in November 1997, but did not otherwise proceed or contact Robles. When Robles requested his file so that he could get another attorney to handle the dissolution, respondent refused to return it.

{¶ 2} In January 1997, Amy McDonald retained respondent to represent her in a bankruptcy matter. McDonald paid respondent $625 to cover the filing and attorney fees. McDonald made numerous attempts to contact respondent, and eventually reached her, only to be told that respondent needed additional information. McDonald provided the additional information, but respondent never

filed the bankruptcy case. After McDonald filed a grievance, respondent failed to respond to a letter of inquiry by relator, Lorain County Bar Association.

{¶ 3} Carmen Belingeri retained respondent to file a lawsuit against her insurance company. The case was scheduled for a September 1997 arbitration hearing, but was dismissed when neither Belingeri nor respondent appeared. Respondent did not notify Belingeri to attend the hearing and subsequently represented to Belingeri that the case was still active. In July 1998, Belingeri discovered the dismissal when she checked the court records herself. Respondent did not respond to a letter of inquiry sent by relator concerning a grievance filed by Belingeri against her.

{¶ 4} In May 1996, the Lorain County Common Pleas Court appointed respondent to represent Walter Wade in a criminal case. Respondent advised Wade that if he pled guilty to drug trafficking, he would receive probation. Wade pled guilty but received a sentence of eighteen months in prison. Respondent then advised Wade to file a motion for shock probation. Wade handed respondent the pertinent papers to file, but she never filed the motion. Respondent also failed to respond to relator's inquiry concerning Wade's subsequent grievance about her representation.

{¶ 5} In September 1997, Rosa Bonilla retained respondent to file for divorce on her behalf. Bonilla paid respondent $350 to file the divorce action, but respondent never filed it. In the meantime, however, Bonilla's husband was apparently able to establish venue in Texas, and in January 1998, Bonilla learned that her husband had filed for divorce in Texas. In August 1998, Bonilla's husband informed her that their divorce had been finalized following respondent's failure to answer on her behalf. After Bonilla filed a grievance, respondent failed to respond to relator's letter of inquiry.

{¶ 6} On August 2, 1999, relator filed an amended complaint charging respondent with multiple violations of Disciplinary Rules and a Rule for the

2

Government of the Bar. Respondent failed to answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment pursuant to Gov.Bar R. V(6)(F).

{¶ 7} The panel found the facts as previously set forth and concluded that by her conduct, respondent had violated DR 6-101(A)(3) (neglecting an entrusted legal matter) in the Robles, McDonald, Belingeri, Wade, and Bonilla matters, 7-101(A)(2) (failing to carry out a professional services employment contract) in the McDonald, Wade, and Bonilla matters, 7-101(A)(3) (prejudicing or damaging client during the course of the professional relationship) in the Bonilla matter, and Gov.Bar R. V(4)(G) (neglecting or refusing to testify in a disciplinary investigation or hearing) in the McDonald, Belingeri, Wade, and Bonilla matters. The panel essentially found that there were no mitigating circumstances and recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

_____

*Snoble, Snoble, Tonry & Innes* and *Gerald A. Innes*, for relator.

_____

***Per Curiam.***

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Absent mitigating circumstances, an indefinite suspension from the practice of law is an appropriate sanction when an attorney engages in a pattern of neglect involving multiple clients and refuses to cooperate in the ensuing disciplinary investigations. See *Disciplinary Counsel v. Henderson* (1999), 87 Ohio St.3d 219, 221, 718 N.E.2d 1277, 1279. No mitigating factors are evident that would warrant a lesser sanction for respondent's reprehensible conduct here. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

―――――――――――

**COOK, J., dissenting.**

{¶ 9} I agree with the findings and conclusions of the board, but determine that disbarment is the appropriate sanction here. When respondent repeatedly neglected entrusted legal matters, she violated the duties of diligence that she owed to her clients. The ABA Standards for Imposing Lawyer Sanctions[1] provide that "[d]isbarment is generally appropriate when * * * a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or * * * a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client." Standards 4.41(b) and (c).

{¶ 10} Five of respondent's clients were seriously prejudiced by respondent's violations. Two of them paid respondent significant sums to file actions, which were never filed. A third found her lawsuit dismissed when respondent failed to attend a scheduled arbitration hearing and failed even to notify the client that the hearing was taking place. A fourth client waited months for respondent to secure an appraiser, which never occurred. And another of respondent's clients, a criminal defendant, relied on respondent's erroneous guarantee of probation and then waited in vain for respondent to file the requested motion for shock probation. In four of these five matters, respondent disregarded

―――――――――――

1. See ABA Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992).

relator's letters of inquiry, and respondent has failed to respond to relator's amended complaint.

{¶ 11} The majority chooses to adopt the board recommendation to suspend respondent indefinitely. But the panel and board reports cite no mitigating factors, and I find none in this record. Instead, the panel and board reports contain aggravating factors that reflect the board's own recently proposed Guidelines for Imposing Lawyer Sanctions.[2] Respondent's pattern of misconduct, multiple offenses, and failure to cooperate with the disciplinary investigation should all be considered in favor of a *more severe sanction*.

{¶ 12} This court has previously disbarred attorneys for violations of DR 6-101(A)(3) when those violations were, as here, coupled with a refusal to return client files and an utter disregard for the disciplinary process. See, *e.g.*, *Cleveland Bar Assn. v. Johnson* (1998), 84 Ohio St.3d 146, 702 N.E.2d 409; *Cuyahoga Cty. Bar Assn. v. Clower* (1998), 84 Ohio St.3d 151, 702 N.E.2d 412.

{¶ 13} Because I believe that disbarment is the appropriate sanction in this case, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____

2. See Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Sections 10(A)(3), (4), and (5), Guidelines for Imposing Lawyer Sanctions.