[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 404.]

COLUMBUS BAR ASSOCIATION *v.* BEATTY.

[Cite as *Columbus Bar Assn. v. Beatty*, 2001-Ohio-1345.]

*Attorneys at law—Misconduct—Two-year suspension—Engaging in conduct adversely reflecting on fitness to practice law—Handling a legal matter not competent to handle—Neglect of an entrusted legal matter—Failing to seek lawful objectives of client—Failing to carry out contract for professional employment—Failing to promptly deliver to client funds or property client is entitled to—Neglecting or refusing to assist or testify in disciplinary investigation or hearing.*

(No. 01-800—Submitted June 20, 2001—Decided September 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-77.

_____

*Per Curiam.*

{¶ 1} On December 26, 2000, relator, Columbus Bar Association, filed a four-count amended complaint charging that respondent, Daniel R. Beatty, Attorney Registration No. 0064901, of Columbus, Ohio, violated several provisions of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on the stipulations of the parties, the panel found that in July 1999, Keith A. Crabbs employed respondent and paid him a $500 retainer to pursue a claim under the Americans with Disabilities Act, Section 12101 *et seq.*, Title 42, U.S.Code. Thereafter, Crabbs was able to contact respondent only once, in November 1999, when respondent told Crabbs that he would get back to him. After Crabbs filed a grievance against respondent and relator began its investigation, respondent met with Crabbs,

returned Crabbs's original papers to him, and gave him a check for $500. The check, however, was dishonored for insufficient funds.

{¶ 3} The panel also found that in October 1998, Charles Bezak retained respondent and paid him a $200 retainer to investigate and pursue an action based on a beating Bezak suffered while an inmate at Orient Correctional Institution. After respondent filed a complaint for Bezak in June 1999 and took one or two depositions in the matter, he took no further action and failed to communicate further with Bezak. Respondent later dismissed the case without consulting Bezak and did not promptly return his retainer.

{¶ 4} The panel found that in April 1997, Alethea McLaughlin engaged respondent to represent her with respect to injuries she received as a result of an automobile accident. Upon finding that the other driver involved in the accident was uninsured, respondent wrote a letter to McLaughlin's insurance company in an attempt to recover under the uninsured motorist provisions of her policy but did nothing further on her behalf and did not respond to inquiries by McLaughlin. By the time McLaughlin retained other counsel, the statute of limitations had run on her claim.

{¶ 5} The panel concluded that respondent's actions and failures to act in the Crabbs, Bezak, and McLaughlin matters violated DR 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(1) (a lawyer shall not handle a legal matter that he is not competent to handle), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), and 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment). In the Crabbs and Bezak matters, the panel found respondent also violated DR 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled).

{¶ 6} In addition, the panel found that respondent did not reply to relator's initial inquires in the Crabbs and Bezak matters and concluded that this failure violated both Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in an

investigation or hearing) and DR 1-102(A)(6). The panel recommended that respondent be suspended from the practice of law for two years and that he complete a minimum of ten hours of continuing legal education in office management and law practice management during his suspension. The board adopted the findings, conclusions, and recommendations of the panel.

{¶ 7} Upon review of this matter, we adopt the findings, conclusions, and recommendations of the board. Respondent is hereby suspended from the practice of law for two years and he is ordered to complete a minimum of ten hours of continuing legal education in office management and law practice management during his suspension. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Bruce A. Campbell, Jill M. Snitcher McQuain*, *David K. Greer* and *David W. Hardyman*, for relator.

*Mark H. Aultman,* for respondent.

_____