*Shawn W. Schlesinger*, for relator.

---

COLUMBUS BAR ASSOCIATION *v.* KORDA.

**[Cite as *Columbus Bar Assn. v. Korda* (2002), 94 Ohio St.3d 133.]**

(No. 01–1204—Submitted August 28, 2001—Decided January 9, 2002.)

---

***Per Curiam.*** In November 1997, respondent, Katherine A. Korda, Attorney Registration No. 0047351, now residing in Summerville, South Carolina, received a retainer of $500 to represent Mel and Michelle Bowens in their appeal of a federal trial court decision. Respondent failed to file a brief for the Bowenses due in December 1997, and, thereafter, the Bowenses were unable to contact her.

On June 5, 2000, relator, Columbus Bar Association, filed a complaint charging that respondent's failure to act violated the Code of Professional Responsibility. Respondent answered, and the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

Based on the stipulations of the parties, the panel found that respondent failed to take any action on behalf of the Bowenses and concluded that she thereby violated DR 1–102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6–101(A)(1) (a lawyer shall not handle a legal matter that he is not competent to handle), 6–101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client), 7–101(A)(2) (a lawyer shall not fail to carry out a contract of professional employment), 7–101(A)(3) (a lawyer shall not damage his client during the professional relationship), and 9–102(B)(4) (a lawyer shall promptly return requested funds to which the client is entitled).

The panel noted that in January 1998, respondent was in a severe alcoholic crisis. Respondent returned the retainer to the Bowens in the latter part of 1999. She is currently participating in an Alcoholics Anonymous program and has also agreed to work with the Ohio Lawyers Assistance Program and a similar program for lawyers in South Carolina. The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

We have reviewed the record and adopt the findings and conclusions of the board, but not its recommendation. The allegations against this respondent relate to one isolated incident involving neglect issues, not dishonesty or theft. In 1999, the respondent fully returned the retainer to Mr. and Mrs. Bowens. There is no evidence of any history or pattern of disciplinary problems, complaints, or infractions. The respondent was in an alcoholic crisis at the time of the incident and has little memory of it. She is now in treatment and has been cooperative throughout this matter. We take these mitigating factors into consideration in imposing discipline in this case. Accordingly, we hereby suspend respondent from the practice of law for two years, with one year stayed. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———

**COOK, J., dissenting.** Because I would adopt the sanction recommended by the board, I respectfully dissent. I would indefinitely suspend respondent from the practice of law.

*Bruce A. Campbell, Patricia K. Block, David W. Hardymon* and *John W. Hoppers,* for relator.

*Price & Jones* and *Grey W. Jones,* for respondent.