COLUMBUS BAR ASSOCIATION *v.* BEATTY.

[Cite as *Columbus Bar Assn. v. Beatty,*
102 Ohio St.3d 267, 2004-Ohio-2684.]

(No. 2004–0022—Submitted March 15, 2004—Decided June 9, 2004.)

## Per Curiam.

{¶ 1} Respondent, Daniel R. Beatty of Wellsville, Ohio, Attorney Registration No. 0064901, was admitted to the practice of law in Ohio in 1995. On September 19, 2001, we suspended respondent's law license for a period of two years for his neglect of three clients' cases, among other misconduct. *Columbus Bar Assn. v. Beatty* (2001), 93 Ohio St.3d 404, 754 N.E.2d 1264. On August 8, 2002, we cited respondent for contempt for failing to comply with our order requiring the surrender of his certificate of admission and his filing of an affidavit of compliance. *Columbus Bar Assn. v. Beatty,* 96 Ohio St.3d 1472, 2002-Ohio-4002, 772 N.E.2d 1206.

{¶ 2} On November 20, 2002, relator, Columbus Bar Association, charged respondent with having committed additional acts of professional misconduct. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). The Board of Commissioners on Grievances and Discipline appointed a master commissioner to consider the motion for default and thereafter granted the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 3} The board found that respondent, whose license remains under suspension, received but did not respond to relator's repeated inquiries about a grievance filed against him by an attorney for a former client. The board thus found respondent in violation of Gov.Bar R. V(4)(G) (requiring an attorney to cooperate in an investigation of misconduct) and DR 1–102(A)(6) (barring conduct reflecting adversely on an attorney's fitness to practice law). Because respondent did not comply with the administrative requirements of our order, the board also found respondent in violation of DR 1–102(A)(5) (barring conduct prejudicial to the administration of justice).

{¶ 4} In recommending a sanction, the board considered as a mitigating factor that respondent did appear and testify on June 13, 2003, at a deposition that relator scheduled to accommodate respondent's medical condition. At the deposition, respondent expressed remorse for his failure to cooperate in the investigation and comply with our order; however, he also conceded that these failings had aggravated his situation, and the board so found. Respondent further resolved during his deposition to take steps to rectify his situation; however, the board observed that he had not made any apparent efforts toward this goal.

{¶ 5} Relator proposed that respondent's law license be indefinitely suspended. The master commissioner recommended permanent disbarment, in part based on unsubstantiated misconduct not charged in relator's complaint. The board accepted relator's proposal and recommended an indefinite suspension.

{¶ 6} Upon review, we agree that respondent violated DR 1–102(A)(5) and (6) and Gov.Bar R. V(4)(G) as found by the board. Moreover, we find an indefinite suspension to be the appropriate sanction. Along with respondent's significant and recent record of disciplinary infractions, he manifests a lack of commitment to his professional duties of cooperation and compliance in disciplinary proceedings. The breach of these duties "ill serve[s] the profession, this court, and the respondent himself." *Lake Cty. Bar Assn. v. Vala* (1998), 82 Ohio St.3d 57, 59, 693 N.E.2d 1083.

{¶ 7} Accordingly, respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Loveland & Brosius and Richard L. Loveland; Stanley D. Ross; Bruce A. Campbell, Bar Counsel, and Jill M. Snitcher McQuain, Assistant Bar Counsel, for relator.