CUYAHOGA COUNTY BAR ASSOCIATION *v.* PAULSON.

[Cite as *Cuyahoga Cty. Bar Assn. v. Paulson,*
111 Ohio St.3d 415, 2006-Ohio-5859.]

(No. 2006–0784—Submitted June 7, 2006—Decided November 29, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Steven Lewis Paulson of Cleveland, Ohio, Attorney Registration No. 0030044, was admitted to the Ohio bar in 1985. On December 2, 2005, respondent was suspended from the practice of law for failure to file a certificate of registration and pay the fee required under Gov.Bar R. VI for the 2005–2007 biennium. *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 2} On June 13, 2005, relator, the Cuyahoga County Bar Association, filed a complaint charging respondent with professional misconduct. Respondent was served with a copy of the complaint but did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of misconduct and a recommendation, all of which the board adopted.

Misconduct

{¶ 3} In September 2002, Judy Bobonik hired respondent to represent her in a federal civil rights case against her former employer, Medina General Hospital. On April 9, 2003, the trial judge signed an agreed order dismissing Bobonik's case with prejudice. That order was also signed by respondent and counsel for the defendant hospital.

{¶ 4} Bobonik had not authorized respondent to settle the entire case, and she believed that the dismissal of the federal case applied only to the issue of lost wages and not to her claim for medical expenses against the hospital. When the trial judge later ruled in favor of the hospital on the disputed question whether

the parties' settlement of the case included Bobonik's claim for medical expenses, respondent appealed on Bobonik's behalf.

{¶ 5} Bobonik then asked attorney Steven Mastrantonio to review the appellate brief that respondent was planning to file on Bobonik's behalf, and she asked respondent to provide Mastrantonio any related pleadings or orders from the trial court to aid in that review. Respondent failed to send Mastrantonio any documents or a draft brief, however, and respondent failed to file an appellate brief on Bobonik's behalf at the United States Court of Appeals for the Sixth Circuit.

{¶ 6} Respondent's failure to file a timely appellate brief prompted Bobonik to terminate her professional relationship with him, and she then retained Mastrantonio to represent her in the court of appeals. Because the deadline for filing Bobonik's brief had passed, Mastrantonio had to seek additional time from the court of appeals to prepare and file the brief for her.

{¶ 7} Meanwhile, Bobonik's wage-loss checks from the Ohio Bureau of Workers' Compensation had stopped as a result of the settlement agreement that respondent had entered into on her behalf with the hospital. Bobonik tried to contact respondent by telephone and e-mail, but he did not reply, and he did not comply with her request that he transfer her case file to attorney Mastrantonio. An investigator acting on relator's behalf also tried to contact respondent to discuss Bobonik's case, but respondent never replied.

{¶ 8} We agree with the board that respondent's actions violated the following Disciplinary Rules: DR 1–102(A)(4) (barring an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 6–101(A)(2) (prohibiting a lawyer from handling a legal matter without adequate preparation), and 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Sanction

{¶ 9} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had committed a prior disciplinary offense, had failed to cooperate in the disciplinary process, had refused to acknowledge the wrongful nature of his actions, and had caused harm to a vulnerable victim. BCGD Proc.Reg. 10(B)(1)(a), (e), (g), and (h). The board cited no mitigating factors.

{¶ 10} Relator recommended that respondent's license to practice law be suspended for two years. The master commissioner and the board agreed with that recommendation.

{¶ 11} We likewise agree that respondent should be suspended from the practice of law for two years. We have imposed that sanction in a similar case. See *Columbus Bar Assn. v. Beatty* (2001), 93 Ohio St.3d 404, 754 N.E.2d 1264 (two-year suspension imposed for attorney's failure to pursue client matters, failure to communicate with clients, and failure to cooperate with a disciplinary investigation). In another case in which an attorney failed to file an appellate brief, we imposed a two-year suspension with the second year stayed. See *Columbus Bar Assn. v. Korda* (2002), 94 Ohio St.3d 133, 760 N.E.2d 824. Unlike the respondent before us today, however, the respondent in *Korda* presented several mitigating factors, which prompted us to stay the second year of the suspension.

{¶ 12} To be sure, "[a]bsent mitigating circumstances, an indefinite suspension from the practice of law is an appropriate sanction when an attorney engages in a pattern of neglect involving multiple clients and refuses to cooperate in the ensuing disciplinary investigations." *Lorain Cty. Bar Assn. v. Fernandez* (2000), 89 Ohio St.3d 82, 84, 728 N.E.2d 1056. The respondent's actions in this case appear to have affected one client rather than multiple clients, however, and we therefore accept the board's recommendation that a two-year suspension rather than an indefinite suspension is the appropriate sanction.

{¶ 13} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., concur.
MOYER, C.J., and O'CONNOR, J., dissent.

---

**MOYER, C.J., dissenting.**

{¶ 14} I believe that the totality of circumstances revealed on this record warrants the imposition of an indefinite suspension rather than a two-year fixed-term suspension. Those circumstances include repeated instances of the neglect of legal matters entrusted to respondent, albeit involving only one client. In addition, the board found that respondent had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.

{¶ 15} This court has deemed an indefinite suspension from the practice of law to be " 'especially fitting * * * where neglect of a legal matter is coupled with a failure to cooperate in the ensuring disciplinary investigation.' " *Disciplinary Counsel v. Boylan* (1999), 85 Ohio St.3d 115, 117, 707 N.E.2d 465, quoting *Warren*

*Cty. Bar Assn. v. Lieser* (1997), 79 Ohio St.3d 488, 490, 683 N.E.2d 1148. We have not confined this sanction to cases involving neglect of the legal matters of multiple clients, as opposed to a single client. See *Boylan,* supra; *Clermont Cty. Bar Assn. v. Compton* (1999), 86 Ohio St.3d 542, 715 N.E.2d 1130.

{¶ 16} Therefore, I respectfully dissent.

O'CONNOR, J., concurs in the foregoing opinion.

_____

David M. Paris, Ari H. Jaffe, and Ellen S. Mandell, for relator.