WARREN COUNTY BAR ASSOCIATION *v.* MARSHALL.

[Cite as *Warren Cty. Bar Assn. v. Marshall,*
113 Ohio St.3d 54, 2007-Ohio-980.]

(No. 2006–2021—Submitted December 13, 2006—Decided March 21, 2007.)

———

Per Curiam.

{¶ 1} Respondent, Bernard Sanford Marshall of Beavercreek, Ohio, Attorney Registration No. 0067838, was admitted to the Ohio bar in 1997. In 2004, we imposed a stayed two-year suspension on respondent for his violation of DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 2–106(A) (prohibiting an illegal or clearly excessive fee), 9–102(B)(3) (requiring a lawyer to maintain complete records and appropriate accounts), 9–102(B)(4) (requiring prompt payment of the client's funds or other properties in the

lawyer's possession), 6–101(A)(1) (prohibiting a lawyer from accepting a case that the lawyer is not competent to handle), 6–101(A)(2) (prohibiting a lawyer from handling a legal matter without adequate preparation), 6–101(A)(3) (prohibiting neglect of an entrusted legal matter), 7–101(A)(2) (requiring a lawyer to carry out a contract of employment), 7–101(A)(3) (prohibiting a lawyer from prejudicing or damaging a client), and Gov.Bar R. V(4)(G) (requiring lawyers to cooperate with and assist in any disciplinary investigation). *Warren Cty. Bar Assn. v. Marshall,* 105 Ohio St.3d 59, 2004-Ohio-7011, 822 N.E.2d 355, ¶ 14.

{¶ 2} On October 17, 2005, relator, Warren County Bar Association, filed an amended complaint charging respondent with additional professional misconduct. Respondent filed an answer, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in July 2006. The panel then prepared written findings of fact and conclusions of law, which the board adopted, as well as a recommended sanction, which the board modified.

## Misconduct

{¶ 3} The panel found that relator had failed to present clear and convincing evidence to support the disciplinary violations alleged in Counts I, IV, and VII of the amended complaint, and the panel therefore dismissed those counts under Gov.Bar R. V(6)(H). We now consider the evidence presented in support of the remaining allegations in the amended complaint.

### *Counts II and III*

{¶ 4} Attorney Yvonne Iversen, a member of the Warren County Certified Grievance Committee, spoke with respondent in October 2004 after she learned that respondent did not appear to be registered for active status with the Attorney Registration Section of this court. Respondent told Iversen at that time that he had failed to complete the required number of continuing legal education hours prescribed by Gov.Bar R. X, but he assured Iversen that he had paid a $700 fine to correct the problem in September 2004.

{¶ 5} Iversen again checked respondent's attorney-registration status in November 2004 and again determined that he was not registered as an active attorney in good standing under Gov.Bar R. VI. Iversen spoke once more with respondent that same month about the issue, and respondent told her that he believed that he had paid a $700 sanction and believed that he was then registered as an active attorney. Iversen replied that the attorney-registration records continued to show nonpayment. Respondent said that he would check some paperwork at his home and would call Iversen back. Respondent did not call back, however, and he had not in fact paid the $700 continuing-legal-education sanction imposed by this court. Respondent did not pay the $700 continuing-legal-education fine until September 2005.

{¶ 6} The board found that respondent's actions violated DR 1–102(A)(4) and Gov.Bar R. V(4)(G).

## Count V

{¶ 7} In 2003, Gary R. Homer hired respondent to represent Homer's son in a criminal matter. The son, Darren Homer, was convicted, and respondent then filed a notice of appeal on Darren's behalf in December 2003. In May 2004, however, the court of appeals dismissed the appeal because respondent had failed to file an appellate brief on Darren's behalf.

{¶ 8} The board found that respondent's actions violated DR 6–101(A)(3).

## Count VI

{¶ 9} In 2005, Gary Homer paid respondent $750 to pursue postconviction relief in the trial court for Darren Homer. Although respondent accepted the money, he never filed any motions for Darren in the trial court.

{¶ 10} The board found that respondent's actions violated DR 7–101(A)(2).

## Sanction

{¶ 11} Relator recommended that respondent be indefinitely suspended from the practice of law. The panel recommended that respondent be suspended for two years, with the final 18 months of the suspension stayed on specified conditions. The board in turn recommended that respondent be suspended for two years. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 12} We have reviewed the board's report and the record, and we conclude that respondent violated all of the provisions as described above. We also adopt the board's recommended sanction.

{¶ 13} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include respondent's prior disciplinary offenses, a pattern of misconduct consistent with his earlier misconduct, his false statement to attorney Iversen when she was investigating his actions, and the harm suffered by his vulnerable client, Darren Homer, who was incarcerated while respondent represented him. BCGD Proc.Reg. 10(B)(1)(a), (c), (f), and (h).

{¶ 14} One mitigating factor identified by the board in this case was respondent's cooperative attitude during the disciplinary proceedings. BCGD Proc.Reg. 10(B)(2)(d). The board also noted that Darren Homer did ultimately receive a full appeal in which his criminal convictions were affirmed, thereby mitigating

any harm that may have been caused by respondent's failure to file his appellate brief.

{¶ 15} After weighing the aggravating and mitigating factors in this case, we agree with the board's recommended sanction. Respondent committed multiple disciplinary violations in 2000 and 2001, and these latest offenses occurred while that earlier case was pending and during respondent's stayed suspension. Respondent appears to be unwilling or unable to comply with the ethical standards that govern the legal profession in Ohio. As the panel and the board noted in this case, respondent has engaged in a "pattern of denial and procrastination," and he is "not fully committed to complying with the terms of his prior discipline." In addition, although respondent was cooperative during the disciplinary process, the panel's finding that he showed a "lack of insight into the serious nature of his offenses" at the disciplinary hearing prompts us to give little weight to the mitigating effect that his cooperation might normally provide.

{¶ 16} We are particularly troubled that respondent gave a false statement to attorney Iversen about his attorney-registration status at the very time his initial disciplinary case was pending before this court. We have explained that "[a] violation of DR 1–102(A)(4) ordinarily calls for the actual suspension of an attorney's license." *Disciplinary Counsel v. Beeler*, 105 Ohio St.3d 188, 2005-Ohio-1143, 824 N.E.2d 78, ¶ 44. An actual suspension is warranted in this case in light of respondent's failure to cooperate honestly in attorney Iversen's investigation. That misconduct coupled with his disciplinary violations involving Darren Homer warrants the two-year suspension recommended by the board.

{¶ 17} We have imposed a similar sanction in other cases. See, e.g., *Columbus Bar Assn. v. Korda* (2002), 94 Ohio St.3d 133, 760 N.E.2d 824 (imposing a two-year suspension, with one year stayed, when an attorney who had no history of disciplinary problems accepted a retainer but failed to file an appellate brief for a client); *Columbus Bar Assn. v. Beatty* (2001), 93 Ohio St.3d 404, 754 N.E.2d 1264 (attorney's neglect of client matters, failure to promptly return client funds, and failure to cooperate with a disciplinary investigation warranted a two-year suspension).

{¶ 18} Accordingly, respondent is hereby suspended from the practice of law for two years. Respondent is also ordered to pay $750 in restitution to Gary Homer within 30 days. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

John S. Mengle, for relator.

Bernard S. Marshall Jr., pro se.