CLEVELAND BAR ASSOCIATION *v.* GLATKI.

[Cite as *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381.]

(No. 99–2270—Submitted February 9, 2000—Decided April 5, 2000.)

*Jones, Day, Reavis & Pogue* and *Robert S. Faxon; Willacy & Lopresti* and *Keith A. Ganther,* for relator.

**Per Curiam.** In disciplinary proceedings, the complaint must allege the specific misconduct that violates the Disciplinary Rules, and the relator must prove such misconduct by clear and convincing evidence. *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 331, 708 N.E.2d 193, 197; Gov.Bar R. V(6)(J). Applying this standard here, we adopt the findings and conclusions of the board insofar as it concluded that respondent's conduct regarding her five clients violated DR 6–101(A)(3), 7–101(A)(1), and 7–101(A)(2). We further find that although the board did not so conclude, relator charged and proved by the requisite clear and convincing evidence that respondent's conduct in the Marson, Nagle, and Hamilton matters violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Relator misrepresented the status of each of these cases to her clients.

We also disagree with the board's conclusion that respondent violated DR 9–102(B)(4) with respect to each client by failing to return the unearned portions of their respective retainers. Relator never charged any violation of this Disciplinary Rule in the Nagle and Hamilton matters. See *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 322, 699 N.E.2d 933, 934–935 (procedural due process requires fair notice of the precise nature of attorney disciplinary charges). And there was no evidence of a request for a refund of the retainer, which is required for a violation of DR 9–102(B)(4), in either the Nagle or Hamilton matters.

Nevertheless, we concur in the board's conclusion that respondent violated DR 9–102(B)(4) by not refunding the retainer upon request in the Jones matter because the violation was both properly charged and proven. We further conclude that respondent violated DR 9–102(B)(4) in the Marson and Spyres matters, but by failing to provide copies of their files upon request rather than the unearned portions of their retainers as the board determined. Like the Nagle and Hamilton matters, there was no evidence that Marson or Spyres requested refunds of their retainers.

Based on the foregoing facts and conclusions, we next consider the appropriate sanction. In determining the appropriate sanction, we consider not only the duty violated but also the lawyer's mental state, the injury caused, and the existence of aggravating or mitigating circumstances. See *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568.

Under the first three steps of this determination, the American Bar Association's Standards for Imposing Lawyer Sanctions support disbarment of respondent, who engaged in a pattern of neglect with respect to client matters that caused potentially serious injuries to her clients. See *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 320–321, 720 N.E.2d 525, 529, quoting American Bar Association Center for Professional Responsibility, Standards for Imposing Lawyer Sanctions (1991 & Amend.1992), Standard 4.41. Respondent also violated duties to three of her clients by not returning upon request the property or money to which they were entitled. Further, respondent violated duties to the public, DR 1–102(A)(4), and the profession, Gov.Bar R. V(4)(G).

Under the final step of our determination, we note that there was evidence of several aggravating circumstances, *i.e.*, a pattern of misconduct, multiple offenses, lack of cooperation in the disciplinary process, and, in the Jones matter, a failure to make restitution. See Board of Commissioners on Grievances and Discipline, Proposed Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10(A), Guidelines for Imposing Lawyer Sanctions, Ohio Official Reports, Nov. 22, 1999 Advance Sheets. By contrast, no evidence of any mitigating circumstances is evident from the record.

Therefore, we are persuaded that a more severe sanction than the indefinite suspension recommended by the board is warranted. We note that unlike *Emerson*, the case the board relied upon, some violations of DR 9–102(B)(4) were charged and proven here. We hold that accepting retainers and not refunding the unearned portions of them upon request, as in the Jones matter, and receiving records and not returning them upon request, as in the Marson matter, are tantamount to a misappropriation of client funds and property. As we have consistently held, the normal sanction for misappropriation of client funds coupled with neglect of client matters is disbarment. *Cincinnati Bar Assn. v. Komarek* (1998), 84 Ohio St.3d 90, 96, 702 N.E.2d 62, 67. No mitigating circumstances exist that would warrant a lesser sanction here.

Based on the foregoing, respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER and COOK, JJ., concur.

F.E. Sweeney and Lundberg Stratton, JJ., dissent and would suspend respondent indefinitely.