[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 429.]

CINCINNATI BAR ASSOCIATION *v.* KIEFT.

[Cite as *Cincinnati Bar Assn. v. Kieft*, 2002-Ohio-1234.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Failing to promptly return clients' funds or other property—Failing to cooperate in investigation of grievance.*

(No. 01-1881—Submitted December 12, 2001—Decided March 6, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-11.

————————————

**Per Curiam.**

{¶ 1} In a complaint filed on February 5, 2001, relator, Cincinnati Bar Association, charged respondent, David W. Kieft of Cincinnati, Ohio, Attorney Registration No. 0042465, with misconduct in violation of the Code of Professional Responsibility and of Gov.Bar R. V(4)(G). Respondent was served the complaint but did not answer. Relator accordingly moved for default pursuant to Gov.Bar R. V(6)(F).

{¶ 2} The Board of Commissioners on Grievances and Discipline of the Supreme Court appointed a master commissioner to review the default motion. The master commissioner found that respondent had committed various violations of DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(2) (failing to carry out a contract of employment), and 9-102(B)(4) (failing to promptly return client's funds or other property) in the course of representing three clients and that he had failed to cooperate in the investigation of their grievances in violation of Gov.Bar R. V(4)(G). The master commissioner recommended that respondent be suspended from the practice of law in Ohio for a period of two years with the second year suspended on conditions. The board adopted the findings of misconduct but recommended that

respondent receive an indefinite suspension "based on his misconduct and total failure to cooperate or explain his actions."

{¶ 3} We agree with the board. In December 1999, respondent promised to represent Jerry Johnson in a bankruptcy proceeding; however, respondent subsequently failed to produce certain financial records required by the trustee, he failed to return Johnson's telephone messages, and he failed to attend a hearing after advising Johnson that his (Johnson's) presence was not necessary. Respondent also failed to reply to a second hearing notice, after which the court dismissed the bankruptcy proceeding. Johnson ultimately fired respondent. Respondent then ignored Johnson's request for the return of files and records and refused to answer inquiries made by Johnson's new counsel. As the board found, this conduct constitutes violations of DR 6-101(A)(3), 7-101(A)(2), and 9-102(B)(4), and respondent's failure to cooperate in the investigation of Johnson's grievance constitutes a violation of Gov.Bar R. V(4)(G).

{¶ 4} Kyle Robinson also retained respondent in 1999, paying him $1,000 to secure a discharge from the Ohio National Guard. Respondent obtained the discharge but did not send Robinson a final bill or return the unused portion of Robinson's retainer as promised. Respondent further ignored Robinson's messages asking for the final bill and refund. As the board found, this conduct violates DR 6-101(A)(3) and 9-102(B)(4), and respondent's failure to cooperate in the investigation of Robinson's grievance constitutes a violation of Gov.Bar R. V(4)(G).

{¶ 5} Finally, in May 2000, respondent agreed to represent Joyce A. Scribbin in a divorce action. After paying respondent $460, Scribbin was unable to contact him by telephone or facsimile. In July 2000, respondent failed to appear at a scheduling conference, and Scribbin wrote to respondent to advise him of this and again to request a response. Not only did respondent ignore Scribbin's letter, he missed a second scheduling conference held later that month. As the board found, this conduct violates DR 6-101(A)(3) and 7-101(A)(2), and respondent's failure to cooperate in the investigation of Scribbin's grievance constitutes a violation of Gov.Bar R. V(4)(G).

{¶ 6} Having failed to respond in any way to the charges in this complaint, respondent has offered nothing to mitigate his misconduct. "Absent mitigating circumstances, an indefinite suspension from the practice of law is an appropriate sanction when an attorney engages in a pattern of neglect involving multiple clients and refuses to cooperate in the ensuing disciplinary investigations." *Lorain Cty. Bar Assn. v. Fernandez* (2000), 89 Ohio St.3d 82, 84, 728 N.E.2d 1056, 1057. Respondent is, therefore, suspended indefinitely from the practice of law in Ohio.

{¶ 7} Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment.

_____

*Paul M. De Marco* and *Edwin W. Patterson III*, for relator.

_____