[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 483.]

OFFICE OF DISCIPLINARY COUNSEL *v.* WASHINGTON.

[Cite as *Disciplinary Counsel v. Washington*, 2002-Ohio-6723.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglecting interests of two clients—Failing to return unearned fees—Misrepresenting to one of the clients that the work was done in his case—Failing to cooperate in disciplinary investigation.*

(No. 2002-1131—Submitted August 27, 2002—Decided December 18, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-61.

_____

**Per Curiam.**

{¶1} This case requires us to decide the sanction for an attorney who neglected the interests of two clients, failed to return the unearned fees those clients paid, misrepresented to one of the clients the work she had done in his case, and failed to cooperate in the investigation of that misconduct.

{¶2} The Board of Commissioners on Grievances and Discipline found that respondent, Dale Washington of Cleveland, Ohio, Attorney Registration No. 0037496, committed those acts and thereby violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), (5) (conduct prejudicial to the administration of justice), and (6) (conduct adversely reflecting on an attorney's fitness to practice law); 6-101(A)(3) (neglecting an entrusted legal matter); and 7-101(A)(1) (failing to seek client's lawful objectives), (2) (failing to carry out a contract of employment), and (3) (damaging or prejudicing client); and Gov.Bar R. V(4)(G) (failing to cooperate in the disciplinary process). The board recommended that respondent be suspended indefinitely from the practice of law in Ohio. We agree that respondent committed this misconduct and, since we have

insufficient evidence of any mitigating medical condition from which respondent may suffer, we find that an indefinite suspension is appropriate.

{¶3} In June 1999, respondent agreed to represent an incarcerated client in his attempt to obtain early release from prison. By June 2000, the client had paid respondent a total of $825, and despite the client's repeated efforts to contact respondent about her progress, she had still filed nothing in his case. The client complained to relator, Disciplinary Counsel, on June 18, 2000.

{¶4} The next day, respondent wrote to her client and offered to file a motion to reduce his sentence. Her letter indicated that she had spoken to the common pleas judge and that he stated that he had already denied three motions for the client's shock probation or early release. The letter also reported that the judge had indicated his willingness to entertain respondent's motion to reduce her client's sentence. The judge to whom respondent claimed to have spoken later denied the motion on the ground that he lacked jurisdiction to reduce a criminal sentence. Respondent never returned any of the fees the client paid to her.

{¶5} Another client paid respondent $250 in November 2000 to obtain a dissolution of the client's marriage. Respondent never filed anything in her client's case, and her client was repeatedly unable to reach her. The client ultimately had to retain other counsel, and respondent never repaid the client's money.

{¶6} Relator filed a complaint on June 11, 2001, charging respondent with having violated the Code of Professional Responsibility. Respondent answered this complaint pro se by admitting some allegations and adding some new information; however, her responses mostly repeated the statement "I am not fully apprised of the situation." Relator later amended the complaint to allege that respondent had violated Gov.Bar R. V(4)(G) by not cooperating in relator's investigation. Respondent was served the amended complaint but did not amend her answer.

{¶7} The board scheduled a panel hearing in the matter for May 24, 2002, and sent notice to the parties, but respondent did not appear. Upon review of the

testimony and exhibits, the panel found the facts as described, and concluded that respondent had violated the cited Disciplinary Rules. The panel also denied relator's motion for a psychiatric examination pursuant to Gov.Bar R. V(7)(C) because no medical evidence supported the motion and respondent had opposed it.

{¶8} In addition, the panel found that respondent had not cooperated in the disciplinary process. She failed to respond to several requests for information during relator's investigation. She also failed to appear in response to relator's subpoena for her deposition. And despite the panel chair's determined efforts, she participated in only one of seven prehearing conferences conducted in preparation for the panel hearing.

{¶9} In recommending a sanction, the panel considered respondent's failure to make restitution to her clients and pattern of neglect as aggravating factors and her lack of a prior disciplinary record as a mitigating factor. The panel recommended that respondent receive an indefinite suspension. The board adopted the panel's findings of misconduct and its recommendation.

{¶10} We agree that respondent violated DR 1-102(A)(4), (5), and (6); 6-101(A)(3); and 7-101(A)(1), (2), and (3); and Gov.Bar R. V(4)(G) and that her license should be indefinitely suspended. Neglect of legal matters and the failure to cooperate in an ensuing disciplinary process generally warrant an indefinite suspension from the practice of law unless mitigating circumstances warrant a lesser sanction. *Cincinnati Bar Assn. v Kieft* (2002), 94 Ohio St.3d 429, 763 N.E.2d 1167, and *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 763 N.E.2d 114. No extenuating circumstances have been sufficiently shown in this case.

{¶11} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Claudia Herrington, Assistant Disciplinary Counsel, for relator.

_____