David Ross, for relator.

---

ERIE–HURON COUNTIES JOINT CERTIFIED GRIEVANCE
COMMITTEE *v.* MEYERHOEFER.

[Cite as *Erie–Huron Counties Joint Certified Grievance Commt.
v. Meyerhoefer*, 99 Ohio St.3d 62, 2003-Ohio-2467.]

---

(No. 2003–0397—Submitted April 16, 2003—Decided May 16, 2003.)

---

**Per Curiam.**

{¶ 1} In 1995, an elderly woman executed a durable general power of attorney in which she appointed respondent, Paul F. Meyerhoefer of Norwalk, Ohio, Attorney Registration No. 0029461, her attorney-in-fact. The power of attorney did not authorize respondent to transfer the woman's assets to himself.

{¶ 2} In July 2000, respondent wrote a check for $3,000 to himself from the woman's checking account. On July 31, 2000, respondent repaid the money plus interest to the account after a law firm associate confronted him about writing the check.

{¶ 3} In January 2001, the woman died and her estate's executor retained respondent as the attorney for the estate. In August 2001, without court approval or filing a final account, respondent took $18,000 from the estate for his attorney fees. The probate court subsequently ordered respondent to repay the money to the estate and ultimately determined that he was not entitled to any attorney fees. Respondent has not repaid the $18,000 to the estate, and he does not have the money to do so.

{¶ 4} Respondent was also successor trustee of a trust that was created for the benefit of the elderly woman during her lifetime and that terminated upon her death, with the principal then to be divided among the remaining beneficiaries. Despite repeated requests from one of the trust beneficiaries, respondent failed to distribute the assets until approximately 16 months after the decedent's death. At one point during this period, respondent falsely advised a trust beneficiary that he had already made the distributions.

{¶ 5} In addition, respondent failed to file the elderly woman's income tax returns for 1999 and 2000. Respondent lied in his testimony before the probate court about filing the 1999 and 2000 income tax returns. Furthermore, during respondent's appointment as attorney for her estate, he failed to file an estate tax return.

{¶ 6} On July 3, 2002, relator, Erie–Huron Counties Joint Certified Grievance Committee, filed an amended complaint charging respondent with having violated several Disciplinary Rules. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter upon the testimony and exhibits offered by the parties.

{¶ 7} The panel found the facts as previously set forth and concluded that respondent's conduct violated DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1–102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 2–106(A) (collecting an illegal or clearly excessive fee), 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(2) (intentionally failing to carry out an employment contract), 7–101(A)(3) (intentionally prejudicing or damaging client), and 9–102(B)(4) (failing to promptly pay or deliver funds to client upon request).

{¶ 8} In mitigation, the panel found that respondent suffered from depression exacerbated by his divorce, which left him to care for a son who also suffers from mental illness. The panel further found that respondent is receiving psychiatric treatment for his depression and that respondent is giving up the practice of law.

{¶ 9} Relator recommended that respondent receive only an indefinite suspension from the practice of law in Ohio because it believed that respondent had legitimate mental-health issues. The panel accepted relator's recommendation. The board adopted the findings, conclusions, and recommendation of the panel and further recommended that the costs of the proceedings be taxed to respondent.

{¶ 10} We agree with the recommended sanction. "Disbarment is ordinarily the sanction when an attorney's misconduct permeates his practice in the way that respondent's misconduct did in this case." *Richland Cty. Bar Assn. v. Brickley*, 97 Ohio St.3d 285, 2002-Ohio-6416, 779 N.E.2d 750, ¶ 24 (violations included DR 1–102[A][4], 1–102[A][5], 1–102[A][6], 6–101[A][3], 7–101[A][3], and 9–102[B][4] ); see, also, *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 384, 726 N.E.2d 993 ("As we have consistently held, the normal sanction for misappropriation of client funds coupled with neglect of client matters is disbarment"). But we have adopted a board's recommendation of a lesser sanction when sufficient mitigating factors are present. *Brickley*, 97 Ohio St.3d 285, 2002-Ohio-6416, 779 N.E.2d 750, at ¶ 24.

{¶ 11} The lesser sanction of an indefinite suspension is appropriate here because of respondent's mental illness. Id. at ¶ 22, 25 (indefinite suspension imposed where mitigation included board's determination that respondent's misconduct stemmed in part from depression); *Cleveland Bar Assn. v. Gay* (1994),

68 Ohio St.3d 190, 625 N.E.2d 593 (misconduct warranted indefinite suspension when mitigated by clinical depression and substance abuse).

{¶ 12} Based on the foregoing, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

James J. Martin and Richard B. Hauser, for relator.

Paul F. Meyerhoefer, pro se.