LORAIN COUNTY BAR ASSOCIATION v. KADERBEK.

[Cite as *Lorain Cty. Bar Assn. v. Kaderbek,*
100 Ohio St.3d 295, 2003-Ohio-5754.]

(No. 2003–1073—Submitted August 26, 2003—Decided November 12, 2003.)

_____

**Per Curiam.**

{¶ 1} Respondent, Mary Louise Kaderbek of Amherst, Ohio, Attorney Registration No. 0065833, was admitted to the Ohio bar in 1996. In a complaint filed December 9, 2002, relator, Lorain County Bar Association, charged respondent with three counts of professional misconduct. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline considered the motion, making findings of fact, conclusions of law, and a recommendation.

{¶ 2} Evidence supporting Count One established that a client paid respondent $2,500 in May 2000 to represent her in a divorce action. Respondent filed the case, which was pending when the client and her husband filed for bankruptcy. Respondent accepted an additional $2,350 to represent the client and her husband in the bankruptcy proceedings. In January 2002, the client and her husband were discharged, and the domestic relations court scheduled a status conference for March 11, 2002, in their divorce case.

{¶ 3} Respondent's client tried many times to contact her before the status conference but had no success. Several days after the conference date, the court advised the client that respondent had failed to appear, that the status conference had been rescheduled to March 28, 2002, and that the divorce case would be dismissed if respondent or her attorney did not appear on that date. The client again tried repeatedly to reach respondent, but respondent did not return her calls. On March 28, the client appeared by herself in court and persuaded the magistrate to continue, rather than dismiss, her case. Thereafter, the client and respondent did reconnect, and respondent resumed the client's representation until she received her divorce.

{¶ 4} Evidence supporting Count Two established that another client paid respondent $400 in April 2000 to represent him during a hearing on child support arrearages and to facilitate the adoption of the client's minor child by the child's grandmother. Respondent appeared on the client's behalf at the child support hearing, but she did not proceed with the adoption as promised.

{¶ 5} Evidence supporting Count Three established that a married couple paid respondent $1,400 on July 23, 2001, for representation in a bankruptcy proceeding. Because the couple had wanted bankruptcy protection as soon as possible, respondent promised to file the petition within one week. Respondent, however, did not file the bankruptcy case until August 28, 2001, and her clients were unable to reach her during this four-week period despite repeated attempts.

{¶ 6} In October 2001, respondent appeared at the first meeting of the couple's creditors; however, she had failed to bring their case file and was completely unprepared to represent them. Respondent also failed to properly list a truck belonging to the couple on the petition that she had prepared, and her clients had to surrender the vehicle to the bankruptcy trustee. In July 2002, respondent received on her client's behalf a check for $1,000 representing proceeds from the sale of the truck. The clients had to make many telephone calls to respondent before they recovered the check on August 8, 2002. Thereafter, the couple had to retain new counsel to complete the bankruptcy process on their behalf.

{¶ 7} The master commissioner found that respondent had violated DR 6–101(A)(3) (neglecting an entrusted legal matter) as charged in Counts One, Two, and Three of the complaint. Because respondent failed to timely respond to the

grievances registered by the clients in Counts One and Two and did not respond at all to the client's grievance in Count Three, the master commissioner also found respondent in violation of Gov.Bar R. V(4)(G).

{¶ 8} In recommending a sanction for this misconduct, the master commissioner considered the extant aggravating and mitigating circumstances pursuant to Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. The master commissioner found as aggravating features that respondent had engaged in a pattern of misconduct and multiple offenses, had failed to acknowledge the wrongfulness of her conduct, was uncooperative, and had victimized vulnerable clients. As a mitigating feature, the master commissioner noted that respondent had suffered a broken leg during the time of some of this misconduct.

{¶ 9} Consistent with relator's suggestion, the master commissioner recommended that respondent be indefinitely suspended from the practice of law. The board adopted the master commissioner's findings of misconduct and recommendation.

{¶ 10} We agree that respondent violated DR 6–101(A)(3) and Gov.Bar R. V(4)(G). Neglect of legal matters and the failure to cooperate in an ensuing disciplinary process generally warrant an indefinite suspension from the practice of law unless mitigating circumstances dictate a lesser sanction. *Cincinnati Bar Assn. v. Kieft* (2002), 94 Ohio St.3d 429, 763 N.E.2d 1167; and *Cleveland Bar Assn. v. Judge* (2002), 94 Ohio St.3d 331, 763 N.E.2d 114. No sufficiently extenuating circumstances are present here.

{¶ 11} Accordingly, respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Daniel A. Cook, for relator.