DAYTON BAR ASSOCIATION *v.* FOX.

[Cite as *Dayton Bar Assn. v. Fox,*
108 Ohio St.3d 444, 2006-Ohio-1328.]

(No. 2005–1524—Submitted September 28, 2005—Decided April 5, 2006.)

**Per Curiam.**

{¶ 1} Respondent, James Edwin Fox of Huber Heights, Ohio, Attorney Registration No. 0034331, was admitted to the Ohio bar in 1986. He is not currently registered to practice law in Ohio.

{¶ 2} In February, 2005, relator, Dayton Bar Association, filed an amended complaint charging respondent with two counts of professional misconduct. Copies of the complaint were sent to respondent's home and business addresses, but he did not answer, and relator moved for default under Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, all of which the board adopted.

Misconduct

*Count I*

{¶ 3} Brent Nickels hired respondent in January 2003 to prepare a will for him. Respondent promised to contact Nickels within two weeks after their initial meeting, but six months passed with no communication from respondent to Nickels. In June 2003, Nickels hired a new attorney, who then tried unsuccessfully to obtain Nickels's file, including personal and confidential documents, from

respondent. Relator tried repeatedly to contact respondent by mail and telephone to discuss the allegations against respondent, but he did not reply.

{¶ 4} The board found that respondent had violated DR 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter) and 9–102(B)(4) (requiring a lawyer to promptly return funds or property to which the client is entitled) and Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

## Count II

{¶ 5} Jack Hamm retained respondent in January 2004 to represent him in a child-custody matter and paid an initial fee of $750. Respondent took no action on Hamm's behalf for two months, but in March 2004, he told Hamm that he had prepared and filed a petition for custody on Hamm's behalf. That statement was untrue, and respondent in fact never took any action on Hamm's behalf.

{¶ 6} The board found that respondent had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation) and 6–101(A)(3).

## Sanction

{¶ 7} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had acted with a dishonest or selfish motive, committed multiple offenses, failed to cooperate in the disciplinary process, and failed to make restitution. BCGD Proc.Reg. 10(B)(1)(b), (d), (e), and (i). Mitigating factors cited by the board included relator's claim that respondent had a good reputation as an attorney and gentleman and respondent's lack of a prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a) and (e). The board also mentioned that respondent did not dispute Brent Nickels's claims.

{¶ 8} Relator recommended that respondent's license to practice law be indefinitely suspended for his misconduct. The master commissioner and the board accepted this recommendation.

{¶ 9} We agree that respondent has committed the misconduct described above and conclude that the sanction recommended by the board is appropriate. "Taking retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client." *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16. Compounding matters, respondent falsely told a client that he had filed legal documents when in fact he had not. "[W]hen faced with misappropriation and other professional misconduct

* * *, *including misrepresentations of filings never made,* we have imposed our strictest sanction." (Emphasis added.) Id.

{¶ 10} Additionally, respondent failed to cooperate in the disciplinary process. "As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law." *Columbus Bar Assn. v. Torian,* 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, ¶ 17, citing *Disciplinary Counsel v. Treneff,* 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16. Given this court's extensive jurisprudence in this area, an indefinite suspension is warranted. *Disciplinary Counsel v. Griffith,* 104 Ohio St.3d 50, 2004-Ohio-5991, 818 N.E.2d 226; *Lorain Cty. Bar Assn. v. Kaderbek,* 100 Ohio St.3d 295, 2003-Ohio-5754, 798 N.E.2d 607; *Disciplinary Counsel v. Washington,* 97 Ohio St.3d 483, 2002-Ohio-6723, 780 N.E.2d 571; *Cincinnati Bar Assn. v. Watson* (2001), 92 Ohio St.3d 413, 750 N.E.2d 1114.

{¶ 11} Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Respondent is also ordered to pay $750 in restitution to Jack Hamm. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 12} Respondent having no prior disciplinary record, the appropriate sanction for his conduct is, in my view, a two-year suspension, an order to pay costs, and $750 in restitution to Jack Hamm.

---

Gary J. Leppla, for relator.