DISCIPLINARY COUNSEL *v.* NOVAK.

[Cite as *Disciplinary Counsel v. Novak,*
110 Ohio St.3d 134, 2006-Ohio-3823.]

(No. 2006–0080—Submitted March 15, 2006—Decided August 9, 2006.)

---

**Per Curiam.**

{¶ 1} Respondent, Lawrence J. Novak of Lancaster, Ohio, Attorney Registration No. 0039794, was admitted to the practice of law in Ohio in 1988.

{¶ 2} On May 27, 2004, relator, Disciplinary Counsel, charged respondent in an amended four-count complaint with professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline heard the cause, including the parties' comprehensive stipulations, respondent's testimony, and the testimony of respondent's psychotherapist. The panel made findings of misconduct, which the board adopted, and a recommendation, which the board modified.

*Count I*

{¶ 3} In August 2000, respondent represented Andrew J. Ruyf in a domestic relations dispute in Fairfield County Court of Common Pleas. In October 2002, Ruyf paid respondent $1,100 to file an appeal on his behalf. Respondent negotiated Ruyf's check in November 2002, never filed the appeal, and despite offers to do so, did not repay Ruyf's money. He also falsely told Ruyf more than once that he had filed the appeal.

{¶ 4} Respondent also failed to advise Ruyf that he did not carry professional liability insurance. Moreover, after Ruyf filed a grievance with relator, respondent did not reply to relator's letter of inquiry.

{¶ 5} For his neglect, dishonesty, and other misdeeds in Ruyf's case, the board found that respondent had violated DR 1–102(A)(4) (prohibiting conduct involving dishonesty, fraud, or misrepresentation), 1–102(A)(5) (prohibiting conduct that is prejudicial to the administration of justice), 1–104 (requiring a lawyer to notify clients that the lawyer does not maintain professional liability insurance), 6–

101(A)(3) (prohibiting neglect of an entrusted legal matter), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek the lawful objectives of his client through reasonably available and lawful means), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out a contract of employment for professional services), 7–101(A)(3) (prohibiting a lawyer from intentionally causing a client prejudice or damage), and 9–102(E)(1) (requiring a lawyer to maintain client funds in an interest-bearing trust account), as well as Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of misconduct).

## Count II

{¶ 6} Chestnut Investment, Inc. ("Chestnut") filed a small-claims action in the Fairfield County Municipal Court that was later transferred to the regular municipal court docket. In September 2002, respondent filed a notice of appearance on Chestnut's behalf. In early 2003, after the matter had been continued twice, the municipal court set a trial date for March 27, 2003.

{¶ 7} When the court scheduled the March 27 trial, respondent knew that he was scheduled to appear in another case and courtroom on March 26 and March 27, 2003. Respondent told Chestnut's president that he would not be available for the trial. Respondent did not advise opposing counsel in the Chestnut case or the court of the conflict, however, until the trial was about to begin.

{¶ 8} The defendant in the Chestnut case later filed motions to compel discovery and to dismiss and a motion for sanctions. The court set a hearing on the motions for July 18, 2003. Neither respondent nor his client appeared at the July 18 hearing. In October 2003, the municipal court granted the defendant's motion for summary judgment against Chestnut and imposed sanctions on respondent and his client in the amount of $948.75.

{¶ 9} Respondent had not paid the judgment as of the panel's hearing date. Moreover, respondent never advised this client that he did not carry professional liability insurance.

{¶ 10} For his inattention and other neglect in the Chestnut case, the board found respondent in violation of DR 1–102(A)(5), 1–102(A)(6) (prohibiting conduct that adversely reflects upon the lawyer's fitness to practice law), 1–104, and 7–101(A)(3).

## Count III

{¶ 11} Jeffrey A. Orrender hired respondent in June 2002 to represent him in a child-custody and support case. Respondent also failed to advise Orrender that he did not carry professional liability insurance.

{¶ 12} Orrender filed a grievance against respondent in November 2003. Relator investigated the grievance, and in December 2003, respondent received two letters of inquiry. He did not reply to either letter.

{¶ 13} For respondent's failings with respect to Orrender, the board found him in violation of DR 1–104 and Gov.Bar R. V(4)(G).

### Count IV

{¶ 14} Steven C. Kloogh hired respondent to defend him against a civil complaint filed in Fairfield County Municipal Court. After respondent filed an answer, a counterclaim, and a jury demand, the parties negotiated a settlement and on November 25, 2002, filed a judgment entry disposing of the case.

{¶ 15} Kloogh later solicited respondent's help in making sure that the plaintiff complied with the terms of the settlement agreement. In May 2003, respondent promised to file a motion to enforce the settlement, but he never did. In November 2003, respondent told Kloogh that "something must have happened at the court with the first motion" and promised to file another one. He did not.

{¶ 16} After attempting repeatedly to reach respondent from December 2003 through March 2004, Kloogh finally learned on his own that respondent had not filed any motions on his behalf. Kloogh has since asked respondent repeatedly to return his files, but respondent has ignored these requests.

{¶ 17} In April 2004, Kloogh filed a grievance against respondent. Relator investigated the grievance and sent respondent two letters of inquiry, which respondent received. He did not reply to either letter.

{¶ 18} For his neglect, dishonesty, and other misdeeds in Kloogh's case, the board found that respondent had violated DR 1–102(A)(4), 1–102(A)(5), 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), and 9–102(B)(4) (requiring a lawyer to promptly deliver to the client requested property to which the client is entitled), and Gov.Bar R. V(4)(G).

### Recommended Sanction

{¶ 19} In recommending a sanction for respondent's misconduct, the board weighed the mitigating and aggravating factors of his case, including his diagnosis in 2003 with major depression. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 20} In mitigation, the board found that respondent had no prior record of disciplinary sanctions. BCGD Proc.Reg. 10(B)(2)(a). Moreover, although respondent had initially failed to respond to relator's investigative inquiries, he had eventually become forthcoming and cooperative, contritely conceding his misconduct during the panel hearing. BCGD Proc.Reg. 10(B)(2)(d). The board further

found that respondent, a sole practitioner since 1998, has hired a secretary, and is now more conscientiously representing his clients with the help of new office equipment and the secretary. He now also advises clients that he lacks malpractice insurance.

{¶ 21} Respondent's therapist, Christopher Grant Russell, who is a licensed independent social worker trained in psychotherapy, diagnosed respondent's depression. Russell also holds an MBA from Harvard University. Russell met with respondent from November 2003 through April 2004 and reported that respondent's depression may have started as early as two years previously. He testified that respondent's was a "moderate to severe level of depression" and "contributed in a major way" to the circumstances of the charged misconduct inasmuch as respondent was unable to focus or concentrate and was prone to procrastination in his work. Russell testified, however, that respondent has benefited both from counseling and from Russell's experience in business management, that respondent is now successfully managing his condition, and that respondent's depression is in remission. The board found this testimony particularly mitigating because it helped to explain why respondent had not answered relator's letters of inquiry. See BCGD Proc.Reg. 10(B)(2)(g).

{¶ 22} The board found as an aggravating factor that respondent's misconduct involved a pattern of misconduct. BCGD Proc.Reg. 10(B)(1)(c).

{¶ 23} Relator advocated a two-year suspension from the practice of law, with one year of the suspension stayed on the condition that respondent serve a monitored probation. Respondent proposed a six-month suspension.

{¶ 24} The panel recommended a two-year suspension, with a stay of the second year on the conditions that respondent pay $1,100 in restitution to Ruyf and pay $948.75 in restitution to his client in the Chestnut case. The board adopted this recommendation and further recommended the conditions that respondent permit a monitoring attorney, appointed by relator, to oversee his practice for the first six months of the stayed portion of the suspension and that he make full restitution within 30 days of the final order in this case. The parties did not object to this recommendation.

## Review

{¶ 25} We agree that respondent violated DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 1–104, 6–101(A)(3), 7–101(A)(1), 7–101(A)(2), 7–101(A)(3), 9–102(E)(1), and 9–102(B)(4), and Gov.Bar R. V(4)(G), as found by the board. We further agree that the board's recommended sanction, which implicitly incorporates a probationary period pursuant to Gov.Bar R. V(9), is appropriate.

{¶ 26} Respondent is therefore suspended from the practice of law in Ohio for two years; however, the second year of the suspension is stayed on the conditions

that respondent (1) be placed on probation and permit a monitoring attorney appointed by relator to oversee his practice for the first six months of the one-year stayed suspension and (2) pay $1,100 in restitution to Ruyf and $948.75 in restitution to his client in the Chestnut case, with interest at the judgment rate, within 30 days of our order. If respondent violates the conditions of the stay or probation, the stay will be lifted and respondent shall serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Lawrence J. Novak, pro se.