DISCIPLINARY COUNSEL *v.* NOVAK.

[Cite as *Disciplinary Counsel v. Novak*, 112 Ohio St.3d 163, 2006-Ohio-6527.]

*Attorneys – Misconduct – Engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation – Conduct prejudicial to the administration of justice — Failure to disclose to client attorney's failure to carry professional-liability insurance — Neglect of entrusted legal matter — Failure to cooperate in a disciplinary investigation — Indefinite suspension with conditions.*

(No. 2006-1622 — Submitted October 17, 2006 — Decided December 27, 2006.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 06-011.

_____

**Per Curiam**.

{¶ 1} Respondent, Lawrence John Novak of Lancaster, Ohio, Attorney Registration No. 0039794, was admitted to the practice of law in Ohio in 1988. On August 6, 2006, we suspended respondent's license for two years, staying the second year on conditions, because he neglected multiple clients' cases and also lied at times about his progress in those cases. *Disciplinary Counsel v. Novak*, 110 Ohio St.3d 134, 2006-Ohio-3823, 851 N.E.2d 498. That suspension remains in effect.

{¶ 2} On February 13, 2006, relator charged respondent with additional acts of professional misconduct. Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct and a recommendation, which the board adopted.

Misconduct

**{¶ 3}** The second complaint against respondent alleged that he had neglected Rebecca M. Baird's divorce and bankruptcy cases, misrepresented the work he had performed, and failed to advise her that he had no malpractice insurance. The complaint also charged that respondent had failed to respond to an investigation of the grievance Baird filed against him.

**{¶ 4}** Baird retained respondent in April 2003 to pursue divorce proceedings. She paid respondent $660 and signed a retainer agreement providing that he would file Baird's divorce case in Fairfield County Domestic Relations Court and thereafter perform "[t]rial work only" on Baird's behalf. Respondent, a sole practitioner, did not advise Baird as required that he did not have malpractice insurance.

**{¶ 5}** In completing a client information form, Baird also revealed to respondent that foreclosure proceedings on her home were imminent and that she might need to file for bankruptcy. Respondent promised to represent Baird in a bankruptcy, despite his lack of experience, after he consulted another attorney about those proceedings. In May 2003, Baird completed more paperwork and paid respondent $750 for his services in the bankruptcy case.

**{¶ 6}** Respondent later filed Baird's bankruptcy petition, but failed to include the required schedules of her debts and assets. He then ignored the court's and Baird's requests for him to supply this information. On at least one occasion, respondent told Baird that he had filed a document in bankruptcy court when he had not. Respondent never filed Baird's divorce complaint.

**{¶ 7}** Baird retained another attorney, who completed her bankruptcy in March 2004. In June 2005, Baird retained new counsel to assist her in obtaining a divorce. In the meantime, respondent promised to refund Baird's attorney fees. As of the June 6, 2006 motion for default, respondent had repaid nothing.

**{¶ 8}** The board found that in improperly representing Baird, respondent had violated DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1-104 (requiring a lawyer to advise a client if the lawyer does not carry the required professional-liability insurance), and 6-101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter).

**{¶ 9}** Relator alleged and the board also found a violation of Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). Baird filed her grievance around August 16, 2005, and relator immediately sent a certified letter of inquiry to respondent. Respondent received the letter on August 18, 2005, but did not reply. Respondent received a certified second letter of inquiry on September 7, 2005, but did not reply. Respondent received a certified letter on September 21, 2005, notifying him of a panel probable-cause finding for issuing a formal complaint. Still, respondent did not reply.

### Recommended Sanction

**{¶ 10}** In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

**{¶ 11}** Of the specified aggravating factors favoring an enhanced sanction, the board found that respondent had a prior disciplinary record for neglect and dishonesty and had thereby engaged in a pattern of misconduct. See BCGD Proc.Reg. 10(B)(1)(a), (b), and (c). Respondent also failed to appropriately participate in the disciplinary process, an aggravating factor under BCGD Proc.Reg. 10(B)(e), and thus did not acknowledge his wrongful conduct.

See BCGD Proc.Reg. 10(B)(1)(g). In addition, respondent did not make restitution. See BCGD Proc.Reg. 10(B)(1)(i).

{¶ 12} The board noted only one arguably mitigating factor. In 2003, the same year he agreed to represent Baird, respondent had been diagnosed with a mental disability. See *Disciplinary Counsel v. Novak*, 110 Ohio St.3d 134, 2006-Ohio-3823, 851 N.E.2d 498, ¶ 21. This court determined that respondent suffered from major depression and that the condition had contributed to the misconduct committed in that case, which satisfies two of the conditions under BCGD Proc.Reg. 10(B)(2)(g) for attributing mitigating effect. No similar evidence warranting lenience was offered in this case.

{¶ 13} Relator recommended an indefinite suspension as the appropriate sanction. The board accepted this recommendation, consistent with the master commissioner's report, because of respondent's repeated ethical lapses and more recent failure to participate in the disciplinary process. The latter suggested that respondent may not be managing his mental condition. The board thus urged an indefinite suspension, which requires further review upon a petition for reinstatement, to protect the public and to ensure that an assessment of respondent's fitness to practice is a condition of any attempt to regain his license.

Review

{¶ 14} We agree that respondent violated DR 1-102(A)(4), 1-102(A)(5), 1-104, 6-101(A)(3), and Gov.Bar R.V(4)(G), as found by the board. Moreover, when a lawyer repeatedly accepts legal fees without performing the requested services, misrepresents the status of a case to his client, and then fails to cooperate in an ensuing disciplinary proceeding, the combination of misconduct warrants an indefinite suspension. *Dayton Bar Assn. v. Fox,* 108 Ohio St.3d 444, 2006-Ohio-1328, 844 N.E.2d 346. Thus, we also agree that an indefinite suspension is appropriate.

**{¶ 15}** Respondent is therefore indefinitely suspended from the practice of law in Ohio. Respondent may not petition for reinstatement pursuant to Gov.Bar R. V(10) for two years from the date of our order, and his petition must comply with that rule, including containing proof of mental fitness to practice and payment of $1,410 in restitution, with interest at the judgment rate, to Baird. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

_____