CUYAHOGA COUNTY BAR ASSOCIATION *v.* WAGNER.

[Cite as *Cuyahoga Cty. Bar Assn. v. Wagner,*
113 Ohio St.3d 158, 2007-Ohio-1253.]

(No. 2006–1899—Submitted November 29, 2006—Decided April 4, 2007.)

Per Curiam.

{¶ 1} In this case, we are called upon to determine the appropriate sanction for an attorney who failed to promptly refund unearned retainers and further failed to cooperate in a disciplinary investigation.

{¶ 2} The Board of Commissioners on Grievances and Discipline adopted the sanction recommended by the master commissioner and recommended that the

Supreme Court impose an indefinite suspension upon Charles E. Wagner, Attorney Registration No. 0046937, for these violations. After a careful review of the facts in this case, we agree with the board's recommendation and hereby issue an order indefinitely suspending Wagner from the practice of law in Ohio.

{¶ 3} The Cuyahoga County Bar Association filed a complaint alleging misconduct arising from Wagner's representation of two different clients. The first concerned Greco Thornton and his wife, who paid Wagner a $500 retainer to file a foreclosure action on their behalf on December 6, 2004. At that time, Wagner promised to send a demand letter in an effort to collect payments owed the Thorntons on a second mortgage and, further, to contact them on or before December 17, 2004. Wagner, however, never communicated with the Thorntons again.

{¶ 4} On January 18, 2005, the Thorntons sent a letter to Wagner discharging him and demanding a refund of their $500. When the post office returned their letter marked "unclaimed" on March 5, 2005, the Thorntons filed a grievance with the Cuyahoga County Bar Association.

{¶ 5} Upon receiving notice of the grievance, Wagner forwarded a $500 check to the Bar Association, drawn from his client trust account and made out to Taymine Real Estate Investment, as a refund for the Thorntons. In a letter that accompanied the check, Wagner claimed that he had written two demand letters to the debtor in the foreclosure action before being discharged as counsel, but he did not offer any evidence substantiating this claim. The Cuyahoga County Bar Association returned the check and advised Wagner that it would not accept money on behalf of the Thorntons. Nothing in the record suggests that Wagner thereafter attempted to repay the Thorntons. Further, Wagner failed to respond to requests for information during the Cuyahoga County Bar Association's investigation.

{¶ 6} The other matter concerned Gloria Farmer, who retained Wagner in October 2004 to file a divorce action on her behalf. Farmer signed a document entitled "Letter of Representation and Promissory Note for Payment Plan," and she paid Wagner $500 of a quoted $1,500 legal fee. However, just three days after signing the agreement and tendering the initial payment to Wagner, Farmer advised Wagner that she had reconsidered her decision to seek a divorce, and Wagner promised to return the retainer, but never did.

{¶ 7} The Cuyahoga County Bar Association sent two letters of inquiry to Wagner during its investigation of Farmer's grievance. It also left a voicemail message at his office. Wagner, however, did not reply to any of these attempted communications.

{¶ 8} The Cuyahoga County Bar Association attempted to serve Wagner with the amended complaint regarding the Thorntons and Farmer at the business and

residence addresses on file for him with the Attorney Registration Section of the Supreme Court; however, both were returned unclaimed, and service was perfected through the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Wagner did not answer the complaint, and the bar association moved for default pursuant to Gov.Bar R. V(6)(F) on July 3, 2006. It amended the motion several days later.

{¶ 9} A master commissioner appointed by the Board of Commissioners on Grievances and Discipline found that respondent had violated DR 9–102(B)(4) (requiring a lawyer to promptly deliver requested funds that a client is entitled to receive) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). The master commissioner found that Wagner acted dishonestly and selfishly in failing to refund his clients' money, that he had engaged in a pattern of misconduct, and that he had committed multiple offenses. See Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.") 10(B)(1)(b), (c), and (d). Furthermore, his utter lack of cooperation in the disciplinary process weighed in favor of a severe sanction, as did his refusal to acknowledge the extent of his misconduct. BCGD Proc.Reg. 10(B)(1)(e) and (g).

{¶ 10} With respect to the Farmer grievance, the master commissioner found that Wagner's misconduct had harmed an especially vulnerable client and that he had made no attempt at restitution. BCGD Proc.Reg. 10(B)(1)(h) and (i). The master commissioner also recognized that Wagner's license has been under an attorney-registration suspension since December 2, 2005. *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671.

{¶ 11} The master commissioner considered these aggravating factors as well as the mitigating factors of the case in recommending a sanction to the board. In mitigation, the master commissioner noted only that Wagner had no other blemishes on his professional record. The master commissioner granted the amended motion for default and recommended a sanction of indefinite suspension.

{¶ 12} The board adopted the findings of misconduct as well as the recommended sanction.

{¶ 13} We have previously imposed an indefinite suspension for similar conduct. In *Dayton Bar Assn. v. Fox,* 108 Ohio St.3d 444, 2006-Ohio-1328, 844 N.E.2d 346, we indefinitely suspended a lawyer for keeping unearned client fees, lying, and failing to cooperate in disciplinary proceedings. Also, in *Columbus Bar Assn. v. Torian,* 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, ¶ 17, we indefinitely suspended an attorney due to neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation.

{¶ 14} Although Wagner did not lie to his clients, he did misappropriate their money and ignored their requests for refunds. He also ignored the bar associa-

tion's requests for information. These are actions warranting an indefinite suspension.

{¶ 15} We agree that Wagner violated DR 9–102(B)(4) and Gov.Bar R. V(4)(G), as found by the master commissioner and the board and that an indefinite suspension is the appropriate sanction. Accordingly, Charles Wagner is indefinitely suspended from the practice of law in Ohio, and he is ordered to pay restitution of $500 to the Thorntons and $500 to Farmer. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

CUPP, J., not participating.

———————

Ellen S. Mandell, Bar Counsel, and Stuart Lippe, for relator.