Cuyahoga County Bar Association *v.* Wagner.

[Cite as *Cuyahoga Cty. Bar Assn. v. Wagner,*
117 Ohio St.3d 456, 2008-Ohio-1200.]

(No. 2007–1917—Submitted December 12, 2007—Decided March 20, 2008.)

---

**Per Curiam.**

{¶ 1} Respondent, Charles E. Wagner of Cleveland, Ohio, Attorney Registration No. 0046937, was admitted to the Ohio bar in 1990. On April 4, 2007, we indefinitely suspended respondent from the practice of law based on findings that he had failed to promptly return unearned retainers and failed to cooperate in the ensuing disciplinary investigation. *Cuyahoga Cty. Bar Assn. v. Wagner,* 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164.

{¶ 2} In June 2007, relator, Cuyahoga County Bar Association, filed another complaint charging respondent with several other violations of the Code of Professional Responsibility. Respondent failed to answer the complaint, and pursuant to Gov.Bar R. V(6)(F), relator moved for default. The Board of Commissioners on Grievances and Discipline appointed a master commissioner. The master commissioner granted relator's motion for a default judgment, making findings of fact and conclusions of law and a recommendation, all of which the board adopted.

{¶ 3} The board recommends that we impose an indefinite suspension of respondent's license to practice law based on findings that he committed several disciplinary violations. We adopt the board's findings of misconduct. However, we reject the board's recommended sanction and find instead that respondent should be permanently disbarred.

Misconduct

*United States Bankruptcy Court*

{¶ 4} In December 2005, Judge Patricia Morgenstern–Clarren of the United States Bankruptcy Court of the Northern District of Ohio issued an order requiring respondent to appear and show cause why he should not be held in civil contempt for failing to respond to previous show-cause orders. Respondent failed to appear, and the bankruptcy court found respondent in contempt and ordered him to return the client's fee. Respondent did not return his client's fee.

{¶ 5} In an unrelated case, respondent failed to comply with court rules regarding the filing of documents. The case was dismissed when respondent failed to respond to a show-cause order regarding the deficiency. As a result of his failure to correct the deficient filing and his multiple failures to appear in response to court orders in that and other cases, Judge Morgenstern–Clarren issued an order revoking respondent's electronic-filing privileges.

{¶ 6} In March 2006, Judge Arthur Harris of the United States Bankruptcy Court of the Northern District of Ohio issued a show-cause order requiring respondent to appear and explain deficiencies in two other cases. Respondent did not appear at the scheduled hearing, and the bankruptcy court sanctioned respondent by ordering him to return the attorney fees he had received on the cases. Respondent failed to comply with the court's order.

{¶ 7} With respect to the above misconduct, the board found that respondent had violated DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), 7–101(A)(1) (prohibiting a lawyer from intentionally failing to seek a client's lawful objectives), 7–101(A)(2) (prohibiting a lawyer from intentionally failing to carry out an employment contract), and 9–102(B)(4) (requiring a lawyer to promptly deliver funds in his possession that the client is entitled to receive).

### Failure to Cooperate in Disciplinary Investigation

{¶ 8} Respondent was notified of the filing of the grievances against him but failed to respond to the inquiries of relator's investigators or otherwise cooperate in the investigation of these matters. Relator attempted to serve respondent with a copy of the formal complaint at the address on file for him with the Office of Attorney Registration. Service was later perfected through the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer the complaint.

{¶ 9} By ignoring relator's investigative inquiries, respondent violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

### Recommended Sanction

{¶ 10} In recommending a sanction, the board considered the following aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found that there was a pattern of misconduct involving multiple offenses. BCGD Proc.Reg. 10(B)(1)(c) and (d). The board also found that there was a lack of cooperation in the disciplinary process and that respondent refused to acknowledge the wrongful

nature of his conduct. BCGD Proc.Reg. 10(B)(1)(e) and (g). Finally, the board considered the vulnerability of and resulting harm to the victims of respondent's misconduct and respondent's failure to make restitution. BCGD Proc.Reg. 10(B)(1)(h) and (i). No mitigating factors were found. See BCGD Proc.Reg. 10(B)(2).

{¶ 11} The relator recommended that respondent be permanently disbarred. The master commissioner recommended that respondent be suspended from the practice of law indefinitely. The board adopted the master commissioner's recommendation.

## Review

{¶ 12} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(5), 1–102(A)(6), 7–101(A)(1), 7–101(A)(2), and 9–102(B)(4), and Gov.Bar R. V(4)(G).

{¶ 13} We do not, however, accept the board's recommendation of an indefinite suspension. We have stated on numerous occasions that "the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public." *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53, citing *Ohio State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 100, 70 O.O.2d 175, 322 N.E.2d 665. Respondent has knowingly violated his duty to protect his clients' interests by abandoning their cases, and he thereby caused harm to those clients. Respondent knowingly violated his duty to comply with court orders, including refusing orders to return unearned fees. And respondent knowingly violated his duties to the legal profession and the public by refusing to cooperate in the disciplinary process.

{¶ 14} We have already imposed an indefinite suspension upon respondent for nearly identical misconduct. See *Wagner*, 113 Ohio St.3d 158, 2007-Ohio-1253, 863 N.E.2d 164. We also note that respondent has been under suspension since 2005 for failing to comply with this court's attorney-registration requirements. Moreover, the record before us contains no evidence that weighs in favor of leniency. In contrast, respondent has engaged in a pattern of misconduct involving multiple offenses, has refused to acknowledge his wrongful conduct, has failed to make restitution, and has failed to cooperate in the disciplinary process.

{¶ 15} Respondent's conduct in this matter—and in his previous disciplinary case—reflects a lack of regard for the ethical and professional standards required of members of the bar. We have permanently disbarred attorneys who have committed similar breaches of duties to clients, the public, and the legal profession. See *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 726 N.E.2d 993, and *Disciplinary Counsel v. Lord*, 114 Ohio St.3d 466, 2007-Ohio-4260, 873

N.E.2d 273. Accordingly, respondent is permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Ellen S. Mandell, for relator.