**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 95.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* SCURRY.

**[Cite as *Disciplinary Counsel v. Scurry*, 1996-Ohio-268.]**

*Attorneys at law—Misconduct—One-year suspension with sanction stayed on conditions—Conduct adversely reflecting on fitness to practice law—Neglecting an entrusted legal matter—Conduct prejudicial to the administration of justice.*

(No. 96-525—Submitted April 15, 1996—Decided July 24, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-42.

———————————

{¶ 1} In an amended complaint filed September 20, 1995, relator, Office of Disciplinary Counsel, charged respondent, Fred L. Scurry of London, Ohio, Attorney Registration No. 0021256, in five counts, with five violations of DR 1-102(A)(6) (conduct that adversely reflects on fitness to practice law); violations of DR 6-101(A)(3) (neglecting a legal matter entrusted), and one violation of DR 1-102(A)(5) (conduct prejudicial to the administration of justice). Respondent acknowledged that he suffered from a persistent substance-abuse problem which has hindered him both personally and professionally.

{¶ 2} The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on December 7, 1995, upon agreed stipulations of fact and other evidence wherein respondent, except as to Count I, admitted that his conduct violated the Disciplinary Rules.

{¶ 3} As to Count I, in February 1993, respondent was retained to represent Bruce Rafferty, defendant, in a Madison County Municipal Court matter seeking restitution of real property which was subsequently transferred to the court of common pleas. The plaintiff filed an amended complaint against Rafferty on

November 15, 1993, and the trial judge ordered respondent to file an answer by December 14, 1993 or his client would stand in default. Respondent not only failed to file an answer, but apparently also failed to request an extension or communicate with the court. A default judgment was entered against Rafferty on December 22, 1993.

{¶ 4} As to Count II, respondent was hired in 1993 by Tom Smith to defend a breach of contract lawsuit alleging $3,500 in damages. When respondent failed to file an answer, a default judgment was entered against Smith. The trial court set aside the default judgment upon respondent's Civ. R. 60(B) motion. However, when the plaintiff appealed the set-aside order, respondent failed to timely file a responsive brief. Subsequently, respondent filed a motion for additional time to file a brief attributing his negligent representation to his alcoholism, but asserting that he was in a state of recovery.

{¶ 5} With respect to Count III, on January 17, 1995, London, Ohio police officers detected a strong odor of alcohol on respondent when answering a domestic violence call from respondent's home. On February 6, 1995, respondent pled no contest to a charge of domestic violence (R.C. 2919.25), whereupon he was fined, given a suspended jail sentence, placed on probation, and ordered to refrain from using alcohol. On or about July 31, 1995, because of his persistent use of intoxicating substances, respondent was found to be in violation of the terms of his probation.

{¶ 6} As to Count IV, on August 24, 1995, a jury found respondent guilty of operating a vehicle while under the influence of alcohol and/or drugs. Respondent was thereafter fined, given a jail sentence, most of which was suspended, and had his driver's license suspended.

{¶ 7} With respect to Count V, on May 6, 1995, London police found respondent next to his vehicle, which had struck two other vehicles, a bicycle, and a picnic table. Respondent tested .325 on a breath-alcohol test and subsequently

was found guilty of OMVI. Respondent was fined, given a jail sentence, most of which was suspended, and had his driver's license suspended.

{¶ 8} In mitigation, respondent admitted to his alcoholism and informed the panel that he now attends weekly Alcoholics Anonymous meetings.

{¶ 9} The panel concluded that respondent had violated the Disciplinary Rules as charged, except for DR 1-102(A)(6) of Count I, and agreed with relator's proposed sanction that he be suspended for one year with the entire time stayed, and that he be placed on probation for two years under the conditions that during the probationary period respondent (1) sign an Advocacy Contract with the Ohio Lawyers Assistance Program, Inc.; (2) refrain from the use of alcohol; (3) be subjected to random urinalysis testing; and (4) attend a minimum of three Alcoholics Anonymous meetings per week.

{¶ 10} The board adopted the panel's report, including the findings of fact, conclusions of law and recommendation, and further recommended that the costs of the proceedings be taxed to the respondent.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Fred L. Scurry, pro se*.

_____

*Per Curiam*.

{¶ 11} This court adopts the findings and recommendations of the board. Clearly, respondent's alcoholism has caused him to neglect his duties to his clients and has adversely reflected on his fitness to practice law. However, we recognize, as did the board, that respondent has taken measures to resolve his problems.

{¶ 12} Respondent is hereby suspended from the practice of law for one year, with the entire time stayed, provided that respondent adhere to the conditions of his two-year probation as set forth by the board. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

————————————