Gerald Ingram, for respondent.

CINCINNATI BAR ASSOCIATION *v.* ROSE.

[Cite as *Cincinnati Bar Assn. v. Rose,*
114 Ohio St.3d 177, 2007-Ohio-3606.]

(No. 2007–0322—Submitted April 17, 2007—Decided July 18, 2007.)

**Per Curiam.**

{¶ 1} Respondent, Janet Toby Rose of Cincinnati, Ohio, Attorney Registration No. 0015081, was admitted to the practice of law in Ohio in 1978. The Board of Commissioners on Grievances and Discipline recommends that we now suspend respondent's license to practice for six months based on findings that (1) she failed to disclose to a client that she lacked professional liability insurance and (2) she appeared on a client's behalf while registered as inactive. See Gov.Bar R. VI(2). On review, we agree that respondent violated the Code of Professional Responsibility and hold that a six-month suspension, to commence when respondent regains her active status, is appropriate.

{¶ 2} Relator, Cincinnati Bar Association, charged respondent on August 7, 2007, with two counts of professional misconduct. The board served respondent with the complaint by certified mail, but she did not answer, and relator filed a motion for default. See Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, finding that respondent had violated DR 1–102(A)(5) (prohibiting conduct prejudicial to the administration of justice), 1–104 (requiring disclosure to a client if the lawyer fails to carry sufficient professional liability insurance), and 3–101(B) (practicing law in violation of professional regulations in that jurisdiction) and recommending a six-month suspension. The board adopted the findings of misconduct and recommendation.

## Misconduct

### Count I

{¶ 3} In October 2003, respondent agreed to represent Kamel M. Kassem in a divorce action. Respondent allegedly contracted to provide Kassem with legal services in exchange for Kassem's completing various construction projects in respondent's home. Relator charged that respondent had thereby violated DR 5–101(A)(1) (prohibiting a lawyer, without the client's consent after full disclosure, from accepting employment if the lawyer's exercise of professional judgment may reasonably be affected by the lawyer's own interests).

{¶ 4} Relator did not prove that respondent had failed to obtain her client's consent to the alleged fee agreement after full disclosure or that the agreement had affected the exercise of respondent's professional judgment on Kassem's behalf. During the investigation of the alleged DR 5–101(A) violation, however, respondent acknowledged that she had not disclosed to Kassem that she did not maintain malpractice coverage. Respondent thereby violated DR 1–104.

### Count II

{¶ 5} Respondent registered for inactive status for the 2005–2007 attorney-registration biennium, and that status took effect on September 1, 2005.

{¶ 6} On November 30, 2005, respondent filed a motion to modify support for Kassem. A magistrate of the Hamilton County Court of Common Pleas, Domestic Relations Division, heard the motion on March 9, 2006, at which time respondent examined her own witnesses, cross-examined the defendant's witnesses, and argued on Kassem's behalf. At the end of the proceeding, respondent advised the magistrate of her inactive status.

{¶ 7} After further hearing, the magistrate ordered that all evidence and argument taken at the March 9 hearing be stricken from the record. The magistrate also ordered a new hearing on Kassem's support motion and ordered respondent to pay $1,020 in incurred legal expenses to the defendant within 60 days. The record contains no indication that respondent has complied with the court's order.

{¶ 8} By representing Kassem while registered as an inactive attorney, respondent violated DR 1–102(A)(5) and 3–101(B).

## Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider the ethical duties violated, the actual or potential injury caused, the attorney's mental state, and sanctions imposed in similar cases. *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 720 N.E.2d 525. Before making a final determination, we also

weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Id. See, also, *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, and *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 726 N.E.2d 993.

{¶ 10} Respondent violated her duty to her client to maintain malpractice insurance or disclose that she did not. She violated her duty to the legal system and this profession by ignoring registration requirements designed to facilitate our oversight of the Ohio bar. A six-month suspension of respondent's license will ensure that respondent does not repeat her misconduct and will serve to deter other lawyers. Moreover, respondent's lack of a prior disciplinary record, the only mitigating factor in this case, see BCGD Proc.Reg. 10(B)(2)(a), does not outweigh the aggravating factor that respondent harmed a client vulnerable because of his financial difficulty. See BCGD Proc.Reg. 10(B)(1)(h).

{¶ 11} We therefore suspend respondent's license to practice law in Ohio for six months and order that the suspension commence upon reactivation of her license pursuant to attorney-registration requirements. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Diane Schneiderman and M. Michele Fleming, for relator.