DISCIPLINARY COUNSEL *v.* SCURRY.

[Cite as *Disciplinary Counsel v. Scurry,*
115 Ohio St.3d 201, 2007-Ohio-4796.]

(No. 2007–0841—Submitted July 10, 2007—Decided September 20, 2007.)

**Per Curiam.**

{¶ 1} This court admitted respondent, Fred Louis Scurry of London, Ohio, Attorney Registration No. 0021256, to the practice of law in Ohio in 1972. On July 24, 1996, we suspended respondent from the practice of law for one year because he had neglected several clients' cases. See *Disciplinary Counsel v. Scurry* (1996), 76 Ohio St.3d 95, 666 N.E.2d 1089. We stayed that suspension and placed respondent on probation with the condition that he treat the alcoholism that contributed to his misconduct. Respondent successfully completed his probation, and we reinstated his license on December 30, 1998. *Disciplinary Counsel v. Scurry* (1998), 84 Ohio St.3d 1224, 704 N.E.2d 254.

{¶ 2} The Board of Commissioners on Grievances and Discipline has recommended that we now suspend respondent's license to practice for two years, and again stay the suspension on conditions with probation, based on findings that he consulted with clients and communicated with local law-enforcement, municipal-court, and library personnel while under the influence of alcohol. On review, we agree with the board that respondent violated the Code of Professional Responsibility and that a two-year, conditionally stayed suspension is appropriate.

{¶ 3} Relator, Disciplinary Counsel, charged respondent with four counts of professional misconduct, alleging in all counts that respondent had violated DR 1–102(A)(6) (engaging in conduct that adversely reflects on a lawyer's fitness to practice law). In the fourth count, relator further alleged violations of DR 7–

106(C)(6) (prohibiting a lawyer from engaging in undignified or discourteous conduct degrading to a tribunal) and Gov.Bar R. IV(2) (requiring a lawyer to maintain a respectful attitude toward courts). A panel of the board heard the cause and, based on stipulations and other evidence, found the cited misconduct and recommended the two-year, conditionally stayed suspension. The board adopted the panel's findings of misconduct and recommended sanction.

## Misconduct

{¶ 4} All of the charges against respondent are the result of his alcoholism and the relapse he suffered in 2004 after years of sobriety. Beginning in October 2004, respondent repeatedly met with clients and attempted to manage his professional affairs while intoxicated. Respondent has admitted to all the charges.

{¶ 5} As to Counts I and II, respondent admitted that while inebriated, he had met with clients who were criminal defendants. During an appointment in October 2004, respondent confided in one of the clients that he was drunk. He concedes that his judgment was impaired at that time. At an appointment in November 2004 and another in January 2005, respondent also told a second client that he had been drinking and was drunk. Both defendants alerted the Madison County Municipal Court of respondent's improprieties, and the court appointed new counsel.

{¶ 6} We agree with the board that respondent violated DR 1–102(A)(6) as to Counts I and II.

{¶ 7} As to Count III, respondent admitted that in late 2005, he telephoned the Madison County Sheriff's Office, the county law library, and the London Police Department while in a drunken state. In October 2005, he made accusations to the sheriff while repeating himself in slurred speech. In November 2005, he incoherently complained in slurred speech to a library employee about two local judges, making highly inappropriate remarks. In December 2005, he also made inappropriate remarks to a member of the police department, intermittently laughing, cursing, and insisting that several local officials "needed to go down."

{¶ 8} We agree with the board that respondent violated DR 1–102(A)(6).

{¶ 9} As to Count IV, respondent admitted that while intoxicated, he had telephoned the Madison County Municipal Court repeatedly from September 2004 through February 2005. Respondent incoherently spoke with the court clerk, two of her deputies, and a student clerk at various times, pestering them about cases in which he had an interest, expounding on his personal affairs, and once reporting that he was "two-thirds drunk." The court staff attempted to assist respondent despite his incapacitation.

{¶ 10} In November or December 2004, respondent entered a Veterans Administration hospital for several days of treatment. Upon his release, respondent's secretary obtained continuances of his cases for the week of December 13, 2004, so that he could recuperate. Respondent, however, called the municipal court clerk's office again that week and, in slurred, incoherent speech, made racial and other inappropriate remarks. The next day, the municipal court judge removed respondent from the court-appointed-attorney list, and in January 2005, the judge removed respondent from all pending cases. Notwithstanding these protective measures, respondent continued to place drunken calls to municipal-court personnel, including a deputy clerk, during which he rambled on in expletives and incomplete sentences.

{¶ 11} We thus agree with the board's finding that respondent violated DR 1-102(A)(6) and 7-106(C)(6) and Gov.Bar R. IV(2).

Sanction

{¶ 12} When imposing sanctions for attorney misconduct, we consider the duties violated, the injury caused, the attorney's mental state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. Before making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 384, 726 N.E.2d 993.

{¶ 13} By meeting with clients and otherwise attempting to manage his professional affairs under the influence of alcohol, respondent violated duties to provide competent representation to clients and assist in the administration of justice. His behavior also embarrassed the legal profession. No one has attempted to quantify the cost of respondent's misconduct, but he unmistakably placed clients and the judicial system at great risk.

{¶ 14} Respondent has a history of discipline, also attributable to his alcoholism, which is an aggravating factor under BCGD Proc.Reg. 10(B)(1)(a). Nevertheless, his alcoholism may also be a mitigating factor diminishing the intent of his misconduct, provided that respondent can prove that (1) he has been diagnosed with alcoholism by a qualified health-care professional, (2) the alcoholism contributed to cause the misconduct, (3) he has sustained a period of successful treatment, and (4) a qualified health-care professional has released him to return, under specified conditions if necessary, to the competent, ethical, and professional practice of law. BCGD Proc.Reg. 10(B)(2)(g)(1) through (iv). Respondent has satisfied these criteria.

{¶ 15} As the board observed:

{¶ 16} "[R]espondent has battled with alcoholism for many years. When respondent previously faced professional discipline, he sought treatment for his addiction and remained sober for over three years. Respondent acknowledges that he then began drinking again, erroneously believing that it would not cause a problem if he engaged in limited or 'controlled' drinking. Respondent now acknowledges that he knows he cannot drink at all, having realized that the effects of alcohol have a devastating impact on respondent's health and his professional and personal life.

{¶ 17} "Following the incidents that gave rise to the current disciplinary case, respondent sought help for his addiction from the Ohio Lawyers Assistance Program (OLAP). On May 30, 2006, respondent executed a two-year contract with OLAP. As of the date of the hearing, respondent had been sober for one year and twelve days. Respondent testified that he has been attending three Alcoholics Anonymous meetings per week and that he now has a much more enlightened understanding of his alcoholism, the reasons he simply cannot drink, and the actions that he must continually take in order to remain sober.

{¶ 18} "Stephanie Krznarich of OLAP testified at the hearing that respondent is in complete compliance with his OLAP contract and that he has done an excellent job of identifying the triggers that cause him to drink and in developing a relapse prevention plan to avoid and/or deal with those triggers.

{¶ 19} "Respondent is veteran of the United States Army, having served in Vietnam. Respondent testified that he is now also working with doctors through the Veterans Administration to address health issues and that he has been compliant with his doctors' recommendations concerning his health. Respondent indicated that he now feels better physically than he has in some time, particularly than he did while he was drinking."

{¶ 20} Also weighing in respondent's favor are the mitigating factors that he cooperated in the disciplinary investigation, see BCGD Proc.Reg. 10(B)(2)(d), and has shown remorse, having apologized in person to the sheriff and judges he criticized in his drunken tirades. Moreover, after meeting with the municipal judge and his staff, relator's counsel reported that all of them had expressed fondness for respondent and their hope for his recovery. Counsel also found respondent to be a respected member of his legal community apart from his alcohol abuse.

{¶ 21} The parties jointly advocated the two-year conditionally stayed suspension later recommended by the panel and board. As conditions for the stay, the parties proposed that respondent serve a five-year probation period, during which he must continue to maintain a recovery contract with OLAP and successfully comply with the terms of that agreement. This sanction is consistent with our

order in *Columbus Bar Assn. v. Ashton,* 108 Ohio St.3d 37, 2006-Ohio-78, 840 N.E.2d 618, in which we imposed another two-year stayed suspension based in part on the parties' suggestion. The lawyer in *Ashton* also had committed serious misconduct attributable to his substance abuse, had entered recovery, and had then committed additional misconduct after a relapse. But that lawyer convinced us, as has respondent, of his rededication to treatment and maintaining sobriety.

{¶ 22} We therefore suspend respondent from the practice of law in Ohio for two years; however, the entire two-year suspension is stayed and respondent is placed on probation for five years pursuant to Gov.Bar R. V(9) on the conditions that he successfully complete his current two-year contract with OLAP and renew it for another two years. If respondent fails to comply with the conditions of the stay and probation, the stay will be lifted, and respondent will serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.

Fred Louis Scurry, pro se.