DISCIPLINARY COUNSEL *v.* SABOL.

[Cite as *Disciplinary Counsel v. Sabol,* 118 Ohio St.3d 65, 2008-Ohio-1594.]

(No. 2007–1952—Submitted January 9, 2008—Decided April 9, 2008.)

————

Per Curiam.

{¶ 1} Respondent, John Alfred Sabol of Lima, Ohio, Attorney Registration No. 0019637, was admitted to the practice of law in Ohio in 1972. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for six months but stay the suspension on conditions, based on findings that he missed the deadline for refiling a client's personal-injury lawsuit and also failed to advise the client that he lacked malpractice insurance. On review, we adopt the board's findings of professional misconduct; however, we impose a six-month actual suspension for respondent's infractions.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility, including violations of DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), 1–104(A) (requiring a lawyer to advise a client that the lawyer does not carry the recommended amount of professional-liability insurance), and 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter). The parties waived a hearing, and a panel appointed by the board considered the case on the parties' stipulations and exhibits and on respondent's deposition. The panel found the cited Disciplinary Rule violations and recommended a six-month stayed suspension. The board adopted the panel's findings of misconduct and recommended sanction.

## Misconduct

{¶ 3} In July 1999, respondent agreed to file a lawsuit on behalf of a client who had been injured in a motorcycle accident. Respondent filed the action in July 2001. Over the next two years, the case proceeded slowly, at least in part because of respondent's failure to respond to defendant's discovery requests and the fact that the defendant's insurance company filed for bankruptcy. Finally, in August 2003, respondent and his client agreed that respondent should voluntarily dismiss the action and refile it after the insurance company's bankruptcy stay was lifted and some of the client's medical problems were resolved.

{¶ 4} After advising opposing counsel in August 2003 of his decision to voluntarily dismiss the case, respondent did not file a notice of dismissal until February 2004. Respondent realized that he had only one year, until February 2, 2005, to refile the personal-injury case; however, he inadvertently recorded the deadline as February 2, 2006. Respondent discovered his error in January 2006 and immediately told his client to consult another lawyer about the potential malpractice claim.

{¶ 5} Respondent had no malpractice insurance when he represented his client and did not warn him that he lacked this coverage. The client sued for malpractice, and the parties later settled the claim for $12,500. Respondent has paid his client in full.

{¶ 6} Respondent admitted that he violated DR 1–102(A)(5) and 6–101(A)(3) by missing the filing deadline and that he violated DR 1–104(A) by failing to advise his client that he did not carry the recommended amount of malpractice insurance. We accept these admissions and find that he committed the cited misconduct.

## Sanction

{¶ 7} The parties proposed that respondent receive a six-month suspension. The panel and board recommended this sanction as consistent with *Butler Cty.*

*Bar Assn. v. Schoonover,* 105 Ohio St.3d 472, 2005-Ohio-2816, 828 N.E.2d 1007. In *Schoonover,* a lawyer agreed to initiate guardianship proceedings for his client's uncle, whose health was failing. Schoonover failed to prepare the necessary documents until four months later, by which time the uncle had died. Schoonover had also failed to tell his clients that he had no malpractice insurance. To reinforce that a lawyer has a professional duty to conscientiously attend to clients' interests, we imposed a six-month suspension of Schoonover's license to practice, but we stayed his suspension on conditions, including a year of monitoring.

{¶ 8} Respondent also failed to carefully safeguard a client's interests, but his much longer delay cost a client the ability to pursue his personal-injury claim and forced him to sue for malpractice to obtain his damages. Respondent's misconduct thus had financial consequences that might have been covered by malpractice insurance, had he been covered. Respondent, however, had failed to warn his client that he did not have this protection.

{¶ 9} In weighing the aggravating and mitigating factors of the situation, see Section 10 of the Rule and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), we note that respondent cooperated in these proceedings and has made restitution by resolving the malpractice claim with his client. See BCGD Proc.Reg. 10(B)(2)(c) and (d). In 1997, however, respondent received a public reprimand for dismissing personal-injury claims of a woman and her daughter without their consent. See *Allen Cty. Bar Assn. v. Sabol* (1997), 79 Ohio St.3d 387, 683 N.E.2d 1069. Respondent's history of unacceptable conduct and his impermissible actions in this case warrant a stricter sanction than a fully stayed suspension. See, e.g., *Cincinnati Bar Assn. v. Rose,* 114 Ohio St.3d 177, 2007-Ohio-3606, 870 N.E.2d 1168; *Dayton Bar Assn. v. Gerren,* 110 Ohio St.3d 297, 2006-Ohio-4482, 853 N.E.2d 302.

{¶ 10} Having considered the duties respondent admittedly violated, the harm caused by the misconduct, precedent, and aggravating and mitigating factors, we impose a six-month suspension with no stay. Respondent is therefore suspended from the practice of law in Ohio for six months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

PFEIFER, LUNDBERG STRATTON, and CUPP, JJ., dissent and would stay the six-month suspension.

————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

68

John A. Sabol, pro se.