DAYTON BAR ASSOCIATION v. RANDALL.

[Cite as *Dayton Bar Assn. v. Randall,* 118 Ohio St.3d 408, 2008-Ohio-2709.]

(No. 2007–2320—Submitted February 6, 2008—Decided June 12, 2008.)

---

**Per Curiam.**

{¶ 1} Respondent, Lucinda D. Randall of Spring Valley, Ohio, Attorney Registration No. 0014374, was admitted to the Ohio bar in 1981.

{¶ 2} Relator, Dayton Bar Association, filed a complaint charging respondent with several violations of the Code of Professional Responsibility. Respondent failed to answer the complaint, and pursuant to Gov.Bar R. V(6)(F), relator moved for default. The Board of Commissioners on Grievances and Discipline appointed a master commissioner. The master commissioner granted relator's motion for a default judgment, making findings of fact and conclusions of law and a recommendation, all of which the board adopted.

{¶ 3} The board recommends that we indefinitely suspend respondent's license to practice law based on findings that she committed several disciplinary violations. We adopt the board's findings of misconduct and recommended sanction. We also find an additional violation not found by the board.

## Misconduct

### *United States District Court*

{¶ 4} Between November 2000 and February 2004, respondent filed eight Social Security appeals in the United States District Court for the Southern District of Ohio. Respondent initiated these actions on behalf of plaintiffs Okragly, Wells, Miller, Adams, Wright, Dalton, Harris, and Ruzick.[1] Respondent failed to prosecute the cases.

{¶ 5} In seven of the cases, Magistrate Judge Michael Merz issued orders to plaintiffs to show cause why their cases should not be dismissed for want of prosecution. Respondent failed to respond to the show-cause orders on behalf of her clients. As a result, the cases were dismissed without prejudice for want of prosecution.

{¶ 6} In the Adams case, Magistrate Judge Merz ordered the plaintiff to file a "Statement of Errors" by a certain date. When respondent failed to comply with this order, the Adams case was dismissed for want of prosecution as well.

{¶ 7} Between April 2003 and March 2004, respondent neglected the cases of four other clients in the United States District Court for the Southern District of Ohio. In these cases—involving plaintiffs Lawson, Brewer, Borts, and Price—respondent exhibited the same neglect of legal matters and disregard of court orders and procedures as above.[2] As a result, the district court adopted Magistrate Judge Sharon Ovington's recommendation that each case be dismissed without prejudice for want of prosecution.

{¶ 8} With respect to the above misconduct, the board found that respondent had violated DR 1–102(A)(5) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), and 7–106(B)(7) (prohibiting a lawyer from intentionally or habitually violating any established rule of procedure). Respondent had also been charged with violating DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter). The board found without further explanation that there was insufficient evidence to support this violation.

### *Failure to Cooperate in Disciplinary Investigation*

{¶ 9} The board attempted to serve respondent with a copy of the complaint at the address on file for her with the Office of Attorney Registration. Service was

---

1. The Dalton, Harris, and Ruzick cases were not mentioned in either the board's report or the master commissioner's report.

2. These cases were not mentioned in either the board's report or the master commissioner's report.

later perfected through the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B). Respondent did not answer the complaint. Counsel for relator also attempted to contact respondent at her last known telephone number. Respondent failed to respond to the inquiries or otherwise cooperate in the investigation of these matters. By ignoring relator's investigative inquiries and failing to answer the complaint, respondent violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation).

### Recommended Sanction

{¶ 10} In recommending a sanction, the board considered the following aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board noted that respondent is currently under suspension for failing to comply with this court's attorney-registration requirements. The board also found that there was a pattern of misconduct and a lack of cooperation in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(c) and (e).

{¶ 11} The relator recommended that respondent be permanently disbarred. The master commissioner recommended that respondent be suspended from the practice of law indefinitely. The board adopted the master commissioner's recommendation.

### Review

{¶ 12} Respondent does not challenge the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(5), 1–102(A)(6), and 7–106(B)(7), and Gov.Bar R. V(4)(G).

{¶ 13} We also find, contrary to the board, that sufficient evidence exists to show that respondent violated DR 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter). See *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 708 N.E.2d 193, paragraph one of the syllabus (this court is not bound by the board's findings of fact or conclusions of law). Respondent failed to prosecute the cases of several clients in the United States District Court. As a result of respondent's neglect, the district court dismissed the complaints for want of prosecution.

{¶ 14} We therefore accept the board's recommendation of an indefinite suspension. Respondent committed several disciplinary violations. By abandoning her clients' cases, she failed to protect their interests. She also violated her duty to comply with court orders and neglected her duty to the legal profession and the public by refusing to cooperate in the disciplinary process. Moreover, respondent has been under suspension since 2005 for failing to comply with this

court's attorney-registration requirements. See 107 Ohio St.3d 1431, 1456, 2005-Ohio-6408, 838 N.E.2d 671. Finally, the record before us contains no mitigating evidence to warrant a lesser sanction.

{¶ 15} Accordingly, respondent is indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 16} I respectfully dissent. Based on Randall's existing suspension from 2005, her failure to respond in this case, and the absence of any mitigating evidence, I believe that the appropriate sanction is an order to disbar.

{¶ 17} In *Disciplinary Counsel v. Lord*, 114 Ohio St.3d 466, 2007-Ohio-4260, 873 N.E.2d 273, ¶ 2, we disbarred an attorney after finding that he had mishandled several matters for various clients and had failed to cooperate in the investigation. We noted that when considering an appropriate sanction, our court considers "the duties violated, the actual or potential injury caused, the attorney's mental state, and sanctions imposed in similar cases." Id. at ¶ 29.

{¶ 18} Here, Randall failed to prosecute several matters for her clients, breaching her "professional duty to conscientiously attend to clients' interests." *Disciplinary Counsel v. Sabol*, 118 Ohio St.3d 65, 2008-Ohio-1594, 886 N.E.2d 191, ¶ 7. Moreover, the neglected matters were dismissed for want of prosecution and could potentially cause further prejudice to these clients in the future in pursuance of their claims. Randall did not submit any evidence in mitigation, and she has been under suspension since 2005 for failure to comply with attorney-registration requirements. This case is therefore similar to *Lord*, and I would impose the same sanction.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

---

Mia Wortham Spells, for relator.